## HOLTON JUDEVINE *v.* SIMEON GOODRICH.

### *Deed. Reservation. License.*

In a deed of real estate a reservation of the buildings and stone upon the land, so situated as to be part of the realty, with the privilege of removing the same by a certain time, reserves no title in the grantor to the property so reserved, if not removed within the specified time.

Where one in reply to the request of another for a license to do something in respect to the former's property, did not intend to accede to the request, but purposely used language susceptible of a double interpretation in this respect, with the intention that the other party should derive the impression that he did accede to his request, and the other did derive such impression and relied on it, *held* that he was bound to the same extent as if he had in express words granted the license.

TRESPASS for taking a quantity of stone. The cause was referred and the referee made the following report :

" On the 4th of November, 1851, the plaintiffs being the owners of the ' French Meeting House ' in Hardwick, and about three acres of land, on which the same was situated, conveyed the land by deed of that date, to Justus D. Goodrich, the son of the defendant, with the following reservations in the deed : ' Ever reserving the said meeting-house and meeting-house sheds, and all stones on the premises, and the privilege of getting said house, sheds and stone off from the premises till the 1st day of April, 1853. We having the privilege of leaving what stone we choose to at said time ; also the privilege of the use of said land that we may need in getting off said house, sheds and stone.

*Holton et al. v. Goodrich.*

During the month of June or July, 1852, we are to pay said Goodrich all damage we may be to his hay crop. We are also to have the privilege of passing and repassing to said house and sheds till said April, 1853, and said Goodrich the use, occupancy and possession of said lands from the 28th day of July, 1851. excepting the above named reservations. It is understood we are not to have the back wall to sheds or stone in the field, away from the meeting-house.'

" The defendant purchased and paid for the land, and at the defendant's request the deed was executed to his son.

" The stone described in the deed were the foundation stone of the buildings on the land. The plaintiffs removed the buildings, and a part of the stone before the 1st of April, 1853. The remainder of the stone the defendant took and converted to ·his own use on the 23rd of April, 1853. The plaintiffs claimed (and Mr. Judevine testified) that about the middle of March Judevine called the defendant into his back store·and suggested to him that it might be difficult to remove all the stone before the first of April, and requested the defendant to enlarge the time until he should begin to cultivate or use the land in the spring, and that the defendant assented to the request. The defendant admitted the interview and the request, but testified that he neither acceded nor refused to accede to the request—that in fact. he made no answer. The parties were quite positive in their testimony upon this matter.

" It was proved that the defendant, as early as December, 1852, had consulted counsel as to his right to the stone, if they were not removed before the first of April, 1853. At the time Judevine requested him to enlarge the time I find that the defendant did not propose to accede to the request, or say that which would stimulate the plaintiffs to exertion to remove the stone before the first of April, but used such indifferent language that Judevine honestly inferred that the time when such stone were removed was a matter of indifference to.the defendant, and acted upon such impression.

" If upon these facts the plaintiffs are entitled to recover, I find that they are entitled to recover the value of the stone taken by the defendant, amounting to $22,20."

Upon this report the county court, at the June Term, 1861, in Caledonia county, POLAND, CH. J., presiding, rendered judgment for the plaintiffs, to which the defendant excepted.

*Peck & Colby*, for the defendant.

*Bliss N. Davis*, for the plaintiffs.

KELLOGG, J. The reservation in the deed executed by the plaintiffs to the defendant's son, under whom the defendant justifies the trespass complained of, is qualified by the limitation of the time within which the plaintiffs were to take the property reserved off from the premises conveyed, and should have no other or greater effect than would result from a license to remove the property within the same period of time. The reservation is of a part of the realty, and on condition that the plaintiffs should remove the property reserved by the 1st April, 1853. The intention of the parties, as collected from the deed and the character of the transaction, was that the plaintiffs should have no right to the property after the 1st April, 1853, unless they removed it from the premises before that day. If the property was removed by that time, it belonged to the plaintiffs; but if not removed by that time, their right to it was gone. This seems to be the natural and obvious construction of the deed. When, therefore, the plaintiffs entered upon the premises after the 1st April, 1853, for the purpose of removing the stone off from the premises, they had lost all right to the stone, unless what took place between the plaintiff Judevine and the defendant, previous to the expiration of the time limited by the deed for the removal of the stone, should be regarded as being virtually equivalent to a license to allow the stone to remain there after the 1st April, 1853, with the privilege to the plaintiffs to remove them from the premises at any time before the defendant should begin to use or cultivate the land in the spring. If the defendant gave to the plaintiffs such a license and privilege, their right to the stone continued the same after as before the 1st April, 1853, as it is found by the referee that, before the expiration of the time within which this privilege was to be exercised,

the defendant removed the stone from the premises, and appropriated the same to his own use. Although the plaintiffs, at the request of the defendant, executed the deed to his son, Justus D. Goodrich, yet it is found by the referee that the defendant purchased and paid for the land ; and if the defendant gave to the plaintiffs this license and privilege, these facts, and the defendant's connection with the case, would, as we think, estop him after the plaintiffs had acted upon the license, from setting up against them his own want of authority to give it to them.

In reference to this question of license, the referee reports that the plaintiffs claimed (and Judevine testified) that about the middle of March, 1853, Judevine applied to the defendant and suggested to him that it might be difficult to remove all the stone before the first day of April, and requested him to enlarge the time for their removal until the defendant should begin to cultivate or use the land in the spring, and that the defendant assented to the request ; that the defendant, admitting this interview and request, testified that he neither acceded, nor refused to accede, to this request, and that, in fact, he made no answer to it ; and that the parties were quite positive in their testimony upon this matter. It appeared that some three months previous to this interview, the defendant had consulted counsel in respect to his right to the stone if they were not removed before the first day of April. The referee reports that, upon the testimony, he was of opinion that the defendant, at the time Judevine requested him to enlarge the time limited by the deed for the removal of the stone, " did not propose to accede to the request, or say that which would stimulate the plaintiffs to exertion to remove the stone before the first of April, but used such indifferent language that Judevine honestly inferred that the time when the stone were removed was a matter of indifference to the defendant, and acted upon such impression." If the defendant, as he claimed and testified, made no answer to Judevine's request, his passiveness or silence would not discredit the presumption of his acquiescence in that request, even if it would not, under the circumstances of the case, be considered as amounting to an express assent to it. We do not doubt that the issue made upon the testimony was susceptible of a more distinct resolution than the

Holton et al. *v.* Goodrich.

referee has furnished in his report; but we regard the fair import of the report as being substantially this:—that the "impression" upon which Judevine acted was not only produced by the "indifferent language" which the defendant used in reply to the application made to him for the extension of the time, but also that the "indifferent language" so used by the defendant was used with the design of producing this "impression." The natural interpretation of the report in this respect is that although the defendant did not intend to accede to the request, he did design that Judevine should act upon the impression that he acceded to it, and that Judevine had a right, from the indifferent language used by the defendant, so to understand him, and to act upon such impression. If the defendant designed that Judevine should so understand him, he was bound to the same extent (even though the words used were susceptible of an entirely different construction) that he would have been if he had used express words of assent to the request, provided that Judevine in fact did so understand him, and acted under that impression. In that case the defendant's "indifferent language," though capable of an interpretation consistent with his concealed mental purpose, should be considered with reference to the sense and meaning which he intended to convey, rather than by the sense and meaning which he intended to conceal. The referee's finding in favor of the plaintiffs' right to recover must have rested upon this view of the case.

The objection that the plaintiffs can not support an action of trespass for the removal of the stone by the defendant and the appropriating of the same to his own use, if it was well founded, does not arise on the exceptions in this case. Unless it distinctly appeared that this objection was made in the county court, it could not become legitimately the subject of an exception to the judgment rendered in that court.

Judgment of the county court in favor of the plaintiffs affirmed.