RICHARD PAYMENT v. PHILETAS S. CHURCH AND CASTLE L. NEWALL.

*Replevin—Attachment—Waiver of irregularities—Estoppel.*

An attachment debtor had asked that a tug seized under the writ be released, and he turned out certain other property in place of it for which he afterwards brought replevin against the execution purchasers. *Held* admissible to introduce in the replevin suit an agreement made by him to pay the costs of taking care of the tug while under attachment, as tending, in connection with the other facts, to estop him from bringing replevin.

Where the conduct of a judgment debtor in obtaining the substitution of other property in place of that seized on an attachment, and in bidding at the execution sale was such as to estop him

from denying the title obtained by the execution purchasers, it was *held* proper in an action of replevin brought by him against the purchasers, to exclude evidence that at the time of the sale he did not know of any defects in the judicial proceedings that would avoid the judgment and sale.

Irregularities in attachment proceedings can be waived by the conduct of the defendant.

Conclusions from facts in cases at law cannot be reviewed.

Error to Chippewa. Submitted April 17. Decided June 4.

REPLEVIN by Payment for a steam engine and boiler which he had turned over to an officer in place of a steam tug which the latter had attached in a suit before a justice brought by McRae, Craig & Co. The engine and boiler were sold on execution to defendants in error. In the replevin suit the following document, marked Exhibit I, was admitted in evidence against the plaintiff's objection:

"McRae, Craig & Co. vs. Richard Payment and Clovis Payment. In justice court before Thomas Ryan, justice of the peace. I hereby agree to pay all legal costs and charges for the ship-keeping and care of tug Ransom, seized by virtue of a writ of attachment in the above entitled cause—not to exceed thirty dollars. Alfred C. D. Payment, per Richard. Sault Ste. Marie, May 13, 1874."

The court gave judgment for defendants of no cause of action and plaintiff brings error.

*Ed. E. Kane* for plaintiff in error. An execution debtor who has bid at the sale is not thereby estopped from afterwards claiming the property unless his bidding induced the person asserting the estoppel to act on the supposition that he made no claim to the property, *Wilber v. Goodrich,* 34 Mich., 85; there is no estoppel *in pais* unless the party against whom it is asserted was aware of the real state of the facts, and the party asserting it was not, Bigelow on Estoppel, 467–485; *Bronson v. Wiman,* 10 Barb., 431: 8 N. Y., 188; *Reynolds v. Ins. Co.,* 34 Md., 288.

*May, Brennan & Donnelly* for defendants in error.

MARSTON, J.   The first assignment of error in this case counsel have abandoned, and the fourth is too general under the facts to be considered.   The second relates to the admission of the written agreement to pay the costs and charges of keeping and taking care of the tug seized under the attachment proceedings.   Testimony had been introduced to show that the plaintiff in this case had requested that the tug be released from the levy and the property in dispute levied upon and taken in lieu thereof, and that in case this change was made he (plaintiff) would pay the ship-keeper's fees; and that this paper (Exhibit I) was given in pursuance of this arrangement.   Under such circumstances we can see no possible objection to its introduction.   Whether this plaintiff had authority to bind Alfred C. D. Payment, and to sign his name to this agreement was of no consequence in this controversy.   The object of introducing this agreement, with the other evidence in the case, was to show that the plaintiff in this case had so conducted himself that he was estopped from maintaining this action, and for this purpose and as one of the links in the transaction it was admissible.

The third assignment of error relates to the refusal of the court to permit plaintiff to show that at the time of the execution sale of the property in dispute to defendants, he, plaintiff, did not know of any defects in the judicial proceedings which would render the judgment and execution sale thereunder void.

The defendants, execution purchasers, did not claim title to this property under a valid judgment and execution sale.   Their claim was that plaintiff supposing that a valid judgment had been rendered, requested the release of certain property which had been seized, offering to and actually turning out this property to be sold in lieu thereof, and that these facts and his presence at the sale and conduct thereat as a bidder and otherwise, estopped him from denying the title which they had thus acquired.

The plaintiff knew that a judgment had been rendered

against himself and others, and that the property was being sold to satisfy that judgment. He apparently took no steps to ascertain whether the proceedings had been regular and a valid judgment rendered or not. If irregular, he clearly could waive the irregularity, and this he might do by actions as well as by words, and the effect upon the defendants would be precisely the same whether he knew of the defective proceedings previous to the sale or not. We think the court did not err in rejecting this testimony.

The conclusion arrived at by the court below from all the facts in the case, we cannot review.

The judgment must therefore be affirmed with costs.

The other Justices concurred.