## JOHN H. IRONS v. JOHN I. WEBB.

Where, in a deed of conveyance of lands, the timber was excepted, *held*, that a stipulation that such timber should be removed in a given time did not make such exception conditional on such removal.

In trover. On case certified from the Circuit Court of the county of Ocean.

John H. Irons, the plaintiff, conveyed to John I. Webb, the defendant, seventeen and thirty-seven hundredths acres of land in Jackson township, Ocean county, New Jersey, by deed dated January 23d, 1875, which deed contained the following clause, viz. : " Excepting and reserving the timber on the said land being conveyed, for the removal of which the said party of the second part agrees to and with the said party of the first part that he, the said party of the second part, that he will give two years from the date hereof to the said party of the first part." (*Pro ut* the deed for the above and other clauses in same.)

The trees were cut down by plaintiff within the two years. Some cut into saw-logs, and the balance into cordwood, and corded up on the premises, a part of the logs and wood not being removed by the plaintiff from the premises within the two years limited by the deed. The defendant, after the expiration of that time, removed said logs and wood upon other premises of defendant adjoining, and converted the same to his own use.

A copy of said deed to be attached hereto as part of the case.

The attorneys of the respective parties agree to above statement of facts.

Argued at February Term, 1879, before BEASLEY, CHIEF JUSTICE, and Justices WOODHULL and REED.

For the plaintiff, *J. W. Carmichael.*

For the defendant, *Joel Parker.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The plaintiff founds his action
in this case on the proposition that the timber in controversy
was conveyed to him in an absolute form and clear of all con-
ditions, and that the subsequent clause in the deed, restricting
to the period of two years his right to enter upon the premi-
ses to remove such timber, had no effect on his title, either to
limit or otherwise condition it.   In opposition to this, the
contention of the defendant is that the plaintiff, by the right
construction of the conveyance, became entitled only to such
of the timber as was removed by him from the premises
within the period designated.

My examination of this subject has led me to the conclu-
sion that the construction of this conveyance claimed in
behalf of the plaintiff is correct.   Upon looking at the frame
of this instrument, it will be found that the timber in ques-
tion is plainly excepted out of the operation of the convey-
ance, and that the right to take it away within a specified
time is in the shape of an agreement on the part of the
defendant.   Such a stipulation on the side of the grantee of
the deed cannot convert an absolute exception into a condi-
tional one.   The legal effect of an exception is to sever from
that which is granted that which is excepted, so that the latter
does not pass by the grant, (*Shep. Touch.* 77,) and when, con-
sequently, anything is thus set apart and declared to be out-
side of the grant, it should be plain words only that should
bring it within the force of the grant.   The excepting clause
says, in effect, that the grantor withdraws from the grant a
certain portion of the premises, and such act is so positive and
emphatic that it cannot be controlled or affected by subsequent
expressions or stipulations of dubious meaning or uncertain
effect.   It is not questioned that an exception may be made to
depend, either for its existence or continuance, on a condition,

the proposition alleged being that ambiguous phrases and vague expressions are not the materials with which such conditions are constructed. In the present case, if the contention of the defendant is right, then this timber continued to be the property of the plaintiff up to the running out of the two years, and then, by its non-removal, it became forfeited and passed to the defendant; and it is entirely obvious that such a condition is not favored in law, and that it will not be raised up by implication, unless by the force of demonstrative indication. Looking at the terms of the present agreement and its subject matter, I can see no mark, certainly no decisive mark, signifying that it was the intention of these parties that by the plaintiff's neglect to remove the timber it should be forfeited to the defendant. Such a purpose, it is certain, is not contained in any part of the language of the instrument, for it nowhere says that, in any event, the title to the timber is to pass to the grantee. As a consequence, as it is not in the words, such a right must be derived by inference from the nature of the transaction itself. But, then, what feature of the business is to have such an effect? The only particular relied on is the circumstance that if the timber was permitted to remain on the premises until the time of removal had expired, it became unlawful to enter for the purpose of taking it away. But the effect of such an incident is not in law to work a forfeiture of title. Such a position of property is not uncommon. Chattels are frequently placed, or left, by their owner, on the land of another without his permission, but it will scarcely be pretended that, by so doing, the title to such chattels becomes vested in the proprietor of the land. In such case, the land owner has an adequate remedy for the wrong suffered by him: he is entitled to be indemnified for all the loss he may have sustained by having had his land illegally burthened by chattels placed there without right, and in consequence of the entry to remove them; and in this way, instead of by the exorbitant method of a forfeiture of such chattels, the law applies to the case its ordinary measure of damages, and thus gives compensation. Such

was the standard of redress used by the Supreme Court of New Hampshire in adjusting the damages against a vendee of timber, who had entered on the land after the period given him in which to take off such timber, the applied principle being that the damages should not include the value of the wood in question, but only the loss inflicted on the vendor by the breaking and entering his close. *Plumer* v. *Prescott*, 43 *New Hamp.* 277. And this, it seems to me, is the extent of the right of the vendor of this timber after the time for its removal had elapsed; he could have called the vendee to account for leaving it on the land beyond the stipulated time, and for all damages to his land done by its removal after such period, but he had no right to claim such timber as his own, and to put it to his own uses.

As far as my research has extended, I find that all the best considered cases that are strictly in point harmonize with the view of the subject above expressed. One of the chief cases is *Hort.* v. *Stratton Mills*, 54 *New Hamp.* 109. In that case it appeared that there was a deed conveying growing trees to be removed by the grantee, and it was held that as the terms of the grant, taken in their literal and usual sense, signified an absolute conveyance of the title of the trees, the grant was not made conditional by the implied stipulation that the grantee should remove the trees within a reasonable time. It will be observed that the case is closely applicable, as it is not possible to discriminate a sale of standing timber alone, without the land, from an exception of such timber in a deed conveying the land, with respect to the legal effect of a clause, appended to each, requiring within a time, specified or implied, the removal of such timber. It is manifest that if the stipulation touching the removal will not make the title conditional in the one case it will not in the other. The case of *Knott* v. *Hylinck*, 12 *Rich.* (*S. C.*) 314, must be considered as resting on the same basis, for the court construed a deed that reserved all the growing timber as leaving the title absolutely in the grantor, and although, in that case, there was no time mentioned within which the trees were to be removed, that

circumstance can take but little from the force of the precedent, as undoubtedly, in the absence of an express limitation of a period for the disencumbering the land by the removal of the trees, the law would imply an undertaking to produce that result within a reasonable term.

With respect to the cases cited in the brief of the counsel of the defendant, I do not think any of them are exactly pertinent. The case that is most nearly so is that in *Holton et al.* v. *Goodrich*, 35 *Vt.* 19, but a careful scrutiny of the report will disclose the fact that besides a reservation of certain property, and the privilege of removing it within a certain time, there were a number of other stipulations, and that the court, without any consideration of the general principles involved, put its decision upon the evident design of the parties to the instrument then under examination, as exhibited in its peculiar expressions and provisions. There are some *dicta* in the case of *Pease et al.* v. *Gibson*, 6 *Maine* 81, that favor the views of the defence, but the case itself did not call for those expressions of opinion, and that such expressions were not well considered, has, I think, been quite plainly shown by the criticism of them in the opinion already referred to, read in the case of *Hort v. Stratton*. Touching the other cases cited, I shall dispose of them by the remark that they seem to me, so far as legal principles are concerned, as standing entirely aside of the subject now under examination.

In forming the foregoing opinion, I have laid no stress on the fact that the timber in the present instance was actually cut down before the end of the time limited in the deed for its removal. This has been designedly done, as it is not perceived how such fact can add anything to the force of the exception in the conveyance, in the way of fixing the title in the grantor. I have endeavored to show that the exception is unconditional; and if this be so, by its own efficacy it kept the title to the timber in the plaintiff; but if, to the contrary, the property in the timber was not to remain in the plaintiff unless the trees were removed within such period, then, very

---

clearly, the mere felling of the trees would not satisfy the requirement of such condition.

The Circuit Court should be advised in conformity with the foregoing conclusion.