STATE OF MISSOURI, Respondent, v. MICHAEL KEMPF, Appellant.

### October 18, 1881.

There can be no conviction of a misdemeanor, under the statute, for cutting timber from the land of another, in the absence of evidence from which a criminal intent may be fairly inferred.

APPEAL from the St. Louis County Circuit Court, ED-
WARDS, J.

*Reversed and remanded.*

M. F. TAYLOR, for the appellant.

Z. J. MITCHELL, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

The information in this case states that defendant, on
March 10, 1880, in the county of St. Louis, "committed a
misdemeanor, by wilfully and maliciously trespassing and
cutting trees upon and from the premises of affiant." On
trial anew in the circuit court, the defendant was found
guilty, and sentenced to pay a fine.

The statute provides (Rev. Stats., sect. 1359) that "every
person who shall, * * * without consent of the owner,
cut down, destroy, or carry away any timber or trees what-
soever, being on land not his own, and not the property of
the United States, * * * shall be deemed guilty of a
misdemeanor."

There is no dispute about the material facts. The testi-
mony is to the effect that one H. B. Hall, being one of the
sons and heirs of —— Hall, deceased, and administrator in
possession, leased the forty-acre tract on which the alleged
trespass was committed, to one J. W. Horn, for five years
from January, 1879. By the terms of the lease, Horn was to
clear and fence the land as payment of the first year's rent.
Horn at once advertised for sale the timber on the land, to
be cut and carried off the land. Stengler, the prosecuting
witness and defendant Kempf, wishing to purchase the tim-
ber, spoke to Hall about it; who said he did not object,
provided Horn's agreement was carried out. On February
22, 1879, Stengler and Kempf bought all the timber on the
Hall tract, of Horn, for $20, they to take off all the timber
under twelve inches by May 1st, and to deaden all the large
timber and take it off next winter. Defendant afterwards
sold out his interest to the prosecuting witness. Horn,

having sold the timber and having done nothing under the lease, left the country ; and, on March 15, 1880, Hall made a new lease to defendant. Defendant entered under this lease, and began cutting down the timber, and threw the logs, or some of them, so as to prevent Stengler from hauling off the cord-wood he had cut on the place. Stengler had been cutting and hauling wood off the place from the time he had purchased of Horn, and gave no consent to the entrance of defendant. Nearly all the wood was cut off before March, 1880. Defendant fenced the place and planted potatoes. He says Stengler never asked him for permission to haul off the little wood he had on the place, or he would have granted it. No instructions were given.

We think that to sustain a conviction under this provision of the statute, the act must have been done knowingly and wilfully or with criminal negligence. The testimony is that under the contract with Horn, of which defendant had notice, Stengler was to take off all the wood during the winter of 1879–80 ; that is, before March 1, 1880. A sale of all the timber trees on a tract, to be removed in two years by the vendee, has been held to be a sale of only so much timber as might be taken off in two years. *Pease* v. *Gibson*, 6 Me. 31. Both Hall and defendant seem to have thought, in good faith, that the standing trees, at the date of the alleged misdemeanor, no longer belonged to the prosecuting witness, and that his consent was not necessary. There seems to be a total absence of any testimony in the case from which a criminal intent can be fairly inferred. The defendant ought not to be punished under the statute if he supposed, in good faith, that he was cutting the trees under a license from the real owner. *Whitecraft* v. *Vanderver*, 12 Ill. 239. We think that the judgment ought to be reversed, and it is so ordered.

Judgment reversed and cause remanded. All the judges concur.