### George F. Wasey, Henry N. Loud and Herbert F. Whiting v. John Mahoney.

*Affidavit for capias—Title under contract of sale.*

1. One who pleads the general issue in an action on the case for deceit, and makes no defense to the jurisdiction, can hardly object afterwards to the affidavit for a capias in such proceeding.

2. A contract for the sale of timber does not give title thereto, if it provides that, after being fully paid for, all that is not removed within a specified time, or all that is removed before it is fully paid for or consent is indorsed on the contract, shall belong to the vendor.

Error to Saginaw. (Gage, J.)    October 17.—October 22.

Case for false representations. Defendant brings error. Affirmed.

*Wm. S. Tennant* and *Tarsney & Weadock* for appellant.

*Hanchett & Stark* for appellee.

Campbell, J. Plaintiffs sued defendant by capias in an action on the case for deceit, and obtained judgment for damages. Error is alleged on the insufficiency of the affidavit, and on the alleged defect of proof.

As this is not a suit against sureties or on the bail-bond, it

is not clear to us how a defendant who pleaded the general issue, and made no defense to the jurisdiction, can raise any point on the affidavit. But if such a question could be considered, we think no defect appeared. The affidavit shows a sale to plaintiffs of timber which defendant falsely represented to be his own, but which in fact belonged to the Jackson, Lansing & Saginaw Railroad Company, and plaintiffs had been compelled to pay that company therefor to save the property. This is a very plain and tangible fraud.

The only error further assigned is that the facts do not support the judgment. The ground on which this assignment is based is that defendant really was owner of the timber. There is no question about the falsehood of his representations if he did not.

Defendant held a contract from the railroad company and its trustees, which contained this provision, on the language of which defendant relies for justification :

"*First*, the parties of the first and second part do sell and agree to convey to the said party of the third part all the pine timber standing and being on the following described land" —setting forth the land on which this timber was cut.

Defendant claims that this operated as a present sale. If this language stood alone, this claim would be well founded. But the whole contract must be construed together, and when so construed the effect is different.

It was, in a subsequent part of the same clause, provided that the timber " after being first fully paid for" was to be removed within three years, and all not so removed was to belong to the company.

It was further provided that no timber or logs should be cut or removed " until said timber and logs are fully paid for, nor until consent thereto shall be indorsed hereon, as hereinafter provided ; " and further that any timber or logs removed contrary to this stipulation should remain the property of the company.

The timber in question had not been paid for, and its removal had not been consented to. Defendant therefore

could not lawfully sell it, and the right of the company to reclaim it was in full force.

The judgment was therefore correctly rendered on the facts, and must be affirmed.

The other Justices concurred.