THE GUNN HARDWARE COMPANY v. WILLIAM C. DENISON.

*Attachment—Affidavit—Waiver of defects by pleading to merits.*

All objections to the process or proceedings by which a defendant is brought into court are waived by him by pleading to the merits.

So *held,* where a suit was commenced by attachment to recover on an open account then due, and also the amount to become due on a note. In addition to the usual affidavit in attachment, one was filed under Act No. 149, Laws of 1889, permitting attachments under certain circumstances before the debt is due; and, after appearing and pleading without objection, the defendant on the trial objected to the introduction of the note in evidence because not due when suit was commenced, and because the special affidavit so filed was insufficient, which objection is held properly overruled for the reasons stated.

Error to superior court of Grand Rapids. (Burlingame, J.) Submitted on briefs October 23, 1890. Decided October 31, 1890.

Attachment suit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Fletcher & Wanty,* for appellant, contended:

1. This Court held at the April term, 1890, in the *mandamus* case of *Newman v. Circuit Judge of Kent County* (no opinion being filed), that an affidavit under Act No. 149, Laws of 1889, must state facts on knowledge, and not on information and belief, which facts must be sufficient to sustain a warrant under the fraudulent debtors' act.

2. The affidavit in this case, to authorize an attachment under said statute, must state upon the knowledge of the affiant that the mortgages referred to therein were fraudulent, or that some property of the defendant had been fraudulently concealed, incumbered, or disposed of; citing *Stensrud v. Delamater,* 56 Mich. 146, and cases cited; *Marble v. Curran,* 63 Id. 283.

3. The writ of attachment could not have been quashed, as it was supported by a sufficient affidavit for the amount due, and, that being true, our only protection as to the amount not due was the objection made to the introduction of that portion of the claim.

*Uhl & Crane,* for plaintiff, contended:

1. This Court has uniformly held that all objections to process are waived by a plea in bar; citing *Stewart v. Hill,* 1 Mich. 265; *Hart v. Blake,* 31 Id. 278; *Miller v. Rosier,* Id. 475; *Pierce v. Rehfuss,* 35 Id. 53; *Manhard v. Schott,* 37 Id. 234; *Railroad Co. v. Gray,* 38 Id. 461; *Bryant v. Hendee,* 40 Id. 543; *Maxwell v. Deens,* 46 Id. 35; *Clark v. Dunlap,* 50 Id. 492; *Austin v. Burroughs,* 62 Id. 181; *Dailey v. Kennedy,* 64 Id. 208; *Pistorius v. Swarthout,* 67 Id. 186.

CHAMPLIN, C. J. On November 4, 1889, the plaintiff commenced suit against the defendant by attachment. The plaintiff's demand consisted of two items. The first item was the balance then due from defendant to plaintiff upon an open account amounting to $196.23. The second item was a promissory note dated April 26, 1889, payable January 10, 1890, for $316.16. Two affidavits were made as the foundation of the attachment proceedings,—one, in the ordinary form required by section 7987 of Howell's Statutes, stating that $196.23 was then due upon express contract; the other was an affidavit framed under the provisions of Act No. 149, Laws of 1889, permitting attachments under certain circumstances where the indebtedness was not due. This affidavit was indorsed by the judge of the superior court, as required by statute. Afterwards such proceedings were had that the attachment was served and duly returned. .

A declaration was filed by the plaintiff, to which the defendant appeared and pleaded the general issue. The cause came on for trial on May 2, 1890, when the note above mentioned was offered in evidence, to the intro-

duction of which counsel for defendant objected, for the reason that it appeared that the action was commenced on November 4, 1889, and the note was not due until January 10, 1890, and that no sufficient affidavit had been filed by which said action could have been commenced by attachment for the amount represented by said note before such note became due. The objection was overruled, and defendant alleges error.

The ruling was correct. By appearing to the action, and pleading the general issue, the defendant waived all irregularities in the prior proceedings. The court had jurisdiction over the subject-matter and the parties. Insufficiency of an affidavit cannot be taken advantage of upon the trial, in a suit between the parties to the record in which such affidavit was filed. *Wasey v. Mahoney,* 55 Mich. 194 (20 N. W. Rep. 901); *Taylor v. Adams,* 58 Id. 187 (24 N. W. Rep. 864). We have uniformly held that all objections to process or proceedings by which the defendant is brought into court are waived by him by pleading to the merits. The decisions are collected in plaintiff's brief, and need not be cited here. If the defendant wishes to raise the question of the sufficiency of the affidavit, he must do so in some manner known and practiced, before pleading to the merits.

The judgment is affirmed.

The other Justices concurred.