## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

VAUGHN ET ALS. V. MOORE ET ALS.

March 30th, 1893.

DEED OF GIFT—*Construction thereof—Grantee's equity.*—A father executed, acknowledged, and delivered a deed of gift of land to his son. After its delivery to the clerk for record, but before it was actually recorded, the father took it and destroyed it, and conveyed the land to others, having notice of the son's equitable rights.

HELD:

> The court below erred in refusing to set up the destroyed deed in behalf of the son.

Appeal from decree of circuit court of Grayson county, rendered October 30th, 1890, in a cause wherein Eliza A. Vaughn and Orville M. Moore, infant children of Joseph B. Moore, deceased, who sue by their next friend, Kennely N. Vaughn, were complainants, and Weldon Moore, Isaac Moore, and O. A. Swiney were defendants. The decree being adverse to complainants, they appealed. Opinion states the case.

*Blair & Blair* and *Dickenson & Perkins*, for appellants.

No counsel for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Grayson county, entered on the 30th day of October, 1890, in a chancery cause therein pending, in which Eliza A. Vaughn and Orville M. Moore, infant and orphan children of Joseph B. Moore, deceased, who sue by their next friend,

Kennely N. Vaughn, are complainants, and Weldon Moore, Isaac Moore, and O. A. Swiney are defendants.

On the 14th day of January, 1870, Riley Moore, then a very aged and feeble man, residing in Grayson county, Virginia, was the owner of a tract of land containing about four hundred acres, which, together with his four sons, Joseph B. Moore, Martin Moore, Weldon Moore, and Isaac Moore, he occupied and lived upon. It was his expressed intention to divide his said tract of land equally among his said four sons, giving to each one hundred acres of land. His son, Joseph B. Moore, was then a married man, and the father of two very young children, Eliza A. Moore and Orville M. Moore. According to and in pursuance of his said expressed intention, the said Riley Moore, on the said 14th day of January, 1870, called in two of his neighbors and friends to write for him and witness a deed, by which he conveyed to his said son, Joseph B. Moore, one hundred acres of land, the metes and bounds of which were distinctly defined and designated in the said deed, which the said Riley Moore signed and acknowledged in the presence of the said two gentlemen, Elam Defries and G. H. Boyer, who, together, at the execution and acknowledgment of the said deed, subscribed the same as attesting witnesses, in the presence of the said Riley Moore and at his request. That the said deed conveyed to Joseph B. Moore, the said son of the grantor, one hundred acres of the said Riley Moore's four hundred acre tract. The said Riley Moore delivered the said deed to the said G. H. Boyer, and directed him to carry it to the clerk's office of the county court of Grayson county, at Independence, the county seat, and have the same admitted to record. The said Boyer carried the said deed to the said clerk's office, and delivered it to E. L. Dickey, the clerk, who read the deed over and received the same, saying that it was all right, except that it had to be

*stamped.* Whereupon the said Boyer bought the requisite stamps, and took them to the said clerk in his office, who put them, as the law required, upon the deed, and received the same for record. The said Boyer reported to the grantor, Riley Moore, what he had done, and the said Riley Moore paid back to him the fifty cents which he had paid for the said stamps, and said it was all right. Thus the said deed, duly signed, sealed, acknowledged, and witnessed by the said two subscribing witnesses, was, at the request and by the direction of the said Riley Moore, delivered to the clerk of the county court of Grayson county, and lodged with him in his office for recordation. Under this absolute, delivered, and consummated deed the grantee, Joseph B. Moore, took possession of the said land therein conveyed to him, selected a site and a spring for a dwelling-house thereon, enclosed a garden, and seeded some of the said land, and began the collection of house-logs wherewith to erect his dwelling, when he was taken suddenly sick and died, about seven weeks after the execution of the said deed and his taking possession of the said land. He left his widow, Lucinda Moore, and his said two infant children, Eliza and Orville, unconscious babes, who knew nothing of their rights in and to the land which had been conveyed to their father by the deed aforesaid.

The said clerk of the county court of Grayson county, E. L. Dickey, died, without having actually recorded the said deed, which had been lodged in his said office for record; and, the death of the grantee, Joseph B. Moore, having occurred, soon after the execution and delivery of the said deed, and after his possession and title thereunder had accrued, the said Riley Moore, or one of his sons, Martin or Weldon, went into the clerk's office and wrongfully withdrew the said deed, and carried it to the said grantor, Riley Moore, who destroyed it; and then conveyed the entire tract of four hundred acres of land, (including the one hundred acres aforesaid, which had

previously, by the deed aforesaid, been conveyed to the said Joseph B. Moore,) by another deed, to the said Isaac and Weldon Moore, who have conveyed a small part thereof to the said defendant, O. A. Swiney. The appellants, by their next friend, they being still infants, filed their bill against the said Weldon Moore, Isaac Moore, and O. A. Swiney, praying the court to set up the deed from the said Riley Moore to their father, Joseph B. Moore, and to decree the said one hundred acres of land thereby conveyed to be the rightful property of the said infant children and heirs at law of the said Joseph B. Moore, deceased, subject to the dower right of their mother, Lucinda Moore; and to decree to them the rents and profits of the said one hundred acres of land so wrongfully withheld from them by the said defendants from the date of the death of their father, Joseph B. Moore.

The defendants, Weldon Moore, Isaac Moore, and O. A. Swiney, answered the bill, the oath being waived, and the complainants replied thereto, and depositions were taken, which clearly prove the allegations of the bill and the equity of the complainants to the relief prayed for in the bill.

Upon the hearing of the cause, upon the bill, exhibits, answers, and replication thereto, and upon the reading of all the testimony, (including the depositions excepted to for incompetency of the witnesses and for want of due notice,) and without either overruling or sustaining the said exceptions, the court dismissed the complainants' bill.

We are of opinion that the circuit court of Grayson erred in the decree complained of, entered October 30th, 1890, in dismissing the bill of the appellants and in denying to them the relief prayed for. It is clearly proved in the cause that the grantor, Riley Moore, had made, executed, acknowledged, and delivered the deed to Joseph B. Moore; that the delivery of the deed, and the possession of the land conveyed therein, were complete; and, as a voluntary settlement

fairly made, the deed was binding on him in equity, and he had no right or power to revoke the deed; and his destruction of the deed, after its complete execution and delivery, and lodgment with the clerk for recordation, could not divest the title of the land conveyed from his son and grantee, Joseph B. Moore. The conveyances of the land subsequently made to his other sons, Weldon and Isaac Moore, and a part thereof by them to the defendant, O. A. Swiney, were all made and done with full knowledge of the equitable right and title of Joseph B. Moore and his infant children and widow in and to the one hundred acres of the said land; and the circuit court erred in not setting up the deed from Riley Moore to Joseph B. Moore, and not decreeing a conveyance to be made by a commissioner of the court of the said one hundred acres of land to the infant heirs at law of Joseph B. Moore, deceased, subject to the dower of his widow, Lucinda Moore, and in not decreeing an account of rents and profits of the said one hundred acres of land from the date of the death of Joseph B. Moore, deceased, to be paid by the defendants. See *Seibel et als.* v. *Rapp et als.,* 85 Va. (10 Hansbrough) 28; Amer. and English Encyclopœdia of Law 447–'8; 2 Patton & Heath 339; 10 Leigh 61; 45 Amer. Decisions 366–'7; 46 Id. 316, 317.

The decree of the circuit court of Grayson county, appealed from, is wholly erroneous, and it is reversed and annulled; and the cause will be remanded to the said circuit court, for further proceedings in accordance with the opinion and decree of this court.

DECREE REVERSED.