# CHARLESTON

ADKINS *v.* HUFF.

Submitted January 16, 1906. Decided January 30, 1906.

1. TIMBER.

Under a clause in a deed, reserving, to the grantor, therein, standing timber on the land thereby conveyed, using the following terms: "Said first party J. M. A. reserves and still owns all timber" &c., and requiring the same to be removed from the land within a specified time, the grantor does not hold absolute and unconditional title to the timber so reserved; and such of it as remains unsevered, at the expiration of the time limited, is the property of the owner of the land. (p. 648.)

Appeal from Circuit Court, Wayne County.

Bill by Milton J. Adkins against David W. Huff and others. Decree for complainant, and defendant Huff appeals.

*Reversed.*

TAYLOR & WELCH, for appellant.

POFFENBARGER, JUDGE :

David W. Huff complains of a decree of the circuit court of Wayne county, overruling in part his motion to dissolve an injunction, awarded against him on the bill of Milton J. Adkins, and perpetuating the same in so far as it was not dissolved.

The injunction, as perpetuated, inhibits the said David W. Huff and his co-defendant, David E. Huff, from preventing, obstructing or hindering said Adkins and his employes from cutting and removing certain timber on a tract of land, containing forty-three acres, owned by the said David W. Huff. The claim of Adkins to the timber is based upon a reservation in a deed by which he conveyed the land to said Huff. The language of the clause reserving the timber is as follows: "Said first party, M. J. Adkins reserves and still owns all timber down to a railroad tie size excepting poplar forty-two inches and less in circumference 2 ft above the ground which the said David W. Huff is to have for building timber.  *  *  *  *  And the said M. J. Adkins is to have 34 months from this date to remove said reserve timber off of said land and to have all rights to cut, haul and saw and remove said timber

and tan bark and to set saw mill in the calf pasture field and to remove same as if it was his own land.''

The circumstances and transactions which led up to this litigation were as follows: The deed was executed by Adkins November 16, 1900. The consideration was four hundred dollars, of which one hundred was paid at the date of the deed, and for the residue three one-hundred dollar notes were executed by the grantee, payable, respectively in ten, twenty-two and thirty-four months after the date thereof, and payment thereof was secured by a vendor's lien. The first and second of these notes were paid as they became due. About three months before the last one became due, David E. Huff, father of the grantee, who had aided his son in negotiating for the land, proposed to Adkins that, with the consent of said David W. Huff, he execute a new deed to him, David E. Huff. Very soon afterwards this was done and the old deed delivered back to Adkins. As to the purpose of this transaction, the parties differ in their pleadings and evidence. Adkins contends that the purpose was to vest the title absolutely in David E. Huff, he having represented himself as having paid all the purchase money that had been paid, and his son as desiring to abandon the purchase. The two Huffs say the intention was merely to give the father security, upon the land, for two hundred and thirty dollars which he had loaned his son to aid in paying for it. David W. Huff admits that he consented to the execution of the deed for that purpose and both he and is father say the understanding was that it should be an exact copy of the first deed, except that the name of the grantee should be changed and the reservation of the vendor's lien omitted. The new deed departed, however, from these specifications by altering the date at which the right of Adkins to cut and remove timber should expire. By the first deed such right would have expired September 16, 1903. This one specified April 1, 1904, as the time limit. In lieu of the vendor's lien, Adkins took the note of David E. Huff for the last payment with personal security, and he says this change in the security was the consideration for the extension of time.

In December, 1903, Adkins brought this suit to enjoin David E. Huff and David W. Huff from interfering with his alleged right to cut and remove timber from the land and

from hauling away and otherwise molesting the railroad ties which he had made on the land, after September 16, 1903, and the said David W. Huff from prosecuting a civil action against him in a justice's court for the recovery of damages resulting from alleged wrongful taking of timber. A preliminary injunction was awarded in conformity with the prayer of the bill, but the court, on the hearing, sustained the motion to dissolve so much of the injunction as restrained the prosecution of said civil action, and, being of the opinion that, under the clause in said first deed, reserving to Adkins title to the timber, said Adkins had the absolute title to the timber and not a defeasible title or a mere license to cut and remove the same, perpetuated so much of the injunction as restrained the defendants from molesting him in the exercise of his right to cut and remove it.

The return, to Adkins, of the deed made by him to David W. Huff and the execution of another deed to David E. Huff, containing a clause extending the time for the removal of the timber, did not, in any way, affect the rights of the parties, as fixed, and determined by said first deed. The title still remained in David W. Huff. When land has been conveyed by a deed it cannot be re-conveyed from the grantee to the grantor by a return of the deed or cancellation thereof. It must be re-conveyed by another deed. *Jones* v. *Neals*, 2 Pat. & H. 339; *Graysons* v. *Richards*, 10 Leigh 57; *Seibel* v. *Rapp*, 85 Va. 32; *Vaughan* v. *Moore*, 89 Va. 925. At the date of the deed executed to David E. Huff, therefore, Adkins had no title in himself to convey or reserve. Hence, the time limit fixed by the deed to David W. Huff remains unchanged.

If, by the reservation in the deed to David W. Huff, absolute and unconditional title to the timber remained in the appellant, it may be that a court of equity had jurisdiction by injunction to prevent obstruction to his right to enter upon the land, sever the timber and carry it away. It would have been an interest in the land and the owner thereof would have had, by implication, a right of access to it, the only adequate remedy for deprivation of which might have been in equity. This is merely suggested, not decided. But if, by his deed, he retained only a lease for the period of thirty-four months, with the right to cut and remove timber within

that time, or a conditional title to the timber, a title dependent upon the severance thereof within the period of time limited, or a present title, defeasible by the expiration of the period of time limited without a severance of the timber having been effected, no right of his has been invaded, impaired or interfered with.     The authorities are practically uniform in holding that an instrument, granting standing timber, and containing a clause, requiring or permitting it to be removed within a specified time from the date of the grant, gives no absolute and unconditional title to the property.  Some courts hold the right of the grantee to be a license, others a lease, and others a defeasible title to the timber.   By the great weight of authority, it is determined that no right or title exists in the grantee after the expiration of the time specified in the deed or contract.    *Strong* v. *Eddy*, 40 Vt. 547 ; *Judevine* v. *Goodrich*, 35 Vt. 19;  *Utley* v. *Lumber Co.*, 59 Mich. 263;  *Wasey* v. *Mahoney*, 55 Mich. 194;  *Haskell* v. *Ayers*, 35 Mich. 89; *Haskell* v. *Ayers*, 32 Mich. 93; *Kellan* v. *McKinstry*, 69 N. Y. 264; *King* v. *Maryland*, 38 Mich. 47; *Fletcher* v. *Livingston*, 153 Mass. 388; *Reed* v. *Merrifield*, 10 Metc. (51 Mass.) 155;  *Golden* v. *Glock*, 57 Wis. 118; *Larson* v. *Cook*, 85 Wis. 564;  *Clark* v. *Guest*, 54 O. St. 298; *Pease* v. *Gibson*, 6 Me. 81;  *Weber* v. *Proctor*, 89 Me. 404; *Howard* v. *Lincoln*, 13 Me. 122.   No distinction seems to be made in this respect between rights conferred by deed and those conferred by contracts which have not the form, nor all the requisites, of a deed.    The grants in the following cases were all by deed: *Reed* v. *Merrifield*, 10 Metc. (51 Mass.) 155;  *Golden* v. *Glock*, 57 Wis. 118; *Pease* v. *Gibson*, 6 Me. 81;  *Weber* v. *Proctor*, 89 Me. 404.   In all the other cases above cited the instruments were contracts, some wholly executory and others passing an equitable title, the purchase money having been fully paid.   No reason is perceived why there should be any difference between a grant of the timber on a tract of land and a reservation thereof in a deed conveying away the land.    Reservations are sometimes held to have the force and effect of exceptions.   *Harris* v. *Cobb*, 49 W. Va. 350.   When they do, they can be of no higher dignity than a grant.   A thing excepted remains in the grantor by retention.   The title, therefore, cannot be more effectually in him by an exception than by a grant thereof to him.   There-

fore, if this reservation could be treated as an exception of
the timber from the grant of the land, it would stand on the
same footing as if the land, without any exception or reser-
vation, had been granted and a deed executed by the grantee,
conveying the timber back. When such grants are made
with a clause, requiring or permitting the removal of the
timber within a specified time, the grantee takes, at most, a
present defeasible title. *Mee* v. *Benedict*, 98 Mich. 260. See
also the authorities above cited. The only case found which
conflicts with this view is *Halstead* v. *Jessup*, 150 Ind. 85, in
which the rights of the parties were governed by a contract
and in which the court held that the purchaser, in the absence
of a forfeiture clause in the contract, might remove the tim-
ber sold after the expiration of the time fixed for its removal.
The distinction which the court attempted to make between
this case and the numerous others, some of which are above
referred to, is not at all clear. A case very similar to the one
now under consideration is that of *Johnson* v. *Moore*, 28
Mich. 3. A deed was executed conveying a tract of land. At
the same time, the grantee executed and delivered, to the
grantor, a writing which recited his purchase of the land and
then said: "This is to certify that all the sawing pine and
whitewood timber that is now upon the above described
tracts of land belongs to the said Robert M. Moore, who is
sole owner thereof; and that said Robert M. Moore has by
agreement thirty months from this date to remove the same."
It was held that the contract and deed should be read and
construed together as parts of a single transaction, and that,
being so read, the vendor had title to so much of the timber
as he should remove within thirty months, the time speci-
fied. In reaching a conclusion, the court said: "The adop-
tion of these separate provisions respecting ownership and the
right of entry, together with the particular circumstances,
most clearly denotes that it was in the minds of the parties
that Moore should hold an interest, as well as a right of en-
try. The written understanding that he should 'own' the
timber was as much a part of the principal transaction as the
grant of the land, and it found its consideration in that trans-
action, and it ought to be allowed to operate as was intended,
unless prevented by some rule of law, and I am aware of no
such rule. Whether the technical effect of the arrangement

was to preserve to Moore the conditional right, or to transfer it to him, is, in my judgment, a thing of no practical importance. That it was one or the other is unquestionable, and my brethren are inclined to regard it as substantially a transfer or release. *Goodtitle ex dem. Edwards* v. *Bailey*, Cowp. 597; *Wickham* v. *Hawker*, 7 M. & W. 63; *Rowbotham* v. *Wilson*, 8 H. of L. Cases, 348. It served to secure to Moore as against Bradley, and all others having notice, the existing ownership of such of the timber as he should take off in thirty months.'' A deed which grants or reserves standing timber on land without any limitation of time for the removal thereof is deemed a grant or reservation of an interest in the land, absolute and unconditional. *Magnetic Ore Co.* v. *Markbury Lumber Co.*, 104 Ala. 465, (53 Am. St. 73); *Wait* v. *Baldwin*, 60 Mich. 622. When timber is conveyed by deed with a covenant of warranty and an *habendum* clause, it conveys an interest in the land, although there be a time limit, but it vests either a defeasible title to the timber or a leasehold estate in the land for the time limited, with a right of appropriation to be exercised during the term. *White* v. *Foster*, 102 Mass. 305.

The deed now under consideration grants a tract of land. But for a subsequent clause, this would carry the timber. Said subsequent clause reserves the timber with certain exceptions, and fixes a limit of time within which it shall be removed. In determining what right the grantor thereby secured to himself, all parts of the deed must be considered. The grant is not to be cut down by the subsequent reservation to any extent beyond that indicated by the intention of the parties as gathered from the whole instrument. A reservation is not necessarily an exception. Primarily, it is a new interest created out of the thing granted. Adkins may have still owned the timber, under the language of the clause referred to, but, if so, his title, as tested by the principles above stated, was a defeasible one, wherefore it failed by reason of the non-performance of the condition upon which it was held. The reservation in the deed vested in him a present title to the timber, but his failure to remove it operated to devest it out of him and vest it in the grantee of the land. If this be not the true interpretation of the deed, then the principles announced in *Null* v. *Elliott*, 52 W. Va. 229, ap-

ply, and no title vested in Adkins as to the timber remaining uncut at the expiration of the time specified for removal.

Having no right to the standing timber, the appellee was not entitled to the protection of an injunction in attempting to cut and remove it. As to the timber already severed, he had a remedy at law for the recovery of the possession of it, if it belonged to him.

For the reasons above stated, it is plain that the circuit court erred in entering the decree complained of, as well as in refusing to dissolve the injunction. Therefore, the decree entered in this cause on the first day of June, 1904, will be wholly reversed and set aside, the injunction dissolved and the bill dismissed, with cost to the appellant in the circuit court, as well as his costs in this Court.

*Reversed.*