JOHN D. GRUBER CO. *v.* MONTCALM CIRCUIT JUDGE.

1. ATTACHMENT—MOTIONS—DISSOLUTION—WAIVER OF DEFECTS.

   To dissolve a writ of attachment for delay in issuing after the affidavit was executed and for defects in the description of the real estate levied upon, a motion for the dissolution of the writ is the correct practice; but it should be made before the defendant enters his appearance and pleads to the merits, or defects appearing on the face of the proceedings will be waived.

2. SAME—STATUTES—DISSOLUTION.

   Section 10595, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13400), relates to proceedings to dissolve if the facts alleged in plaintiff's affidavit are to be contested; under this section the application may be made at any time: it in no way affects a motion to dissolve for defects that appear on the face of the writ or proceedings.

3. SAME—DESCRIPTION—INVENTORY.

   Although the property is described as situated in a village named, without stating the county or State, the omission may be considered as sufficiently obviated by the recital contained in the officer's certificate showing the county and State in which the levy was made.

Mandamus by the John D. Gruber Company against Frank D. M. Davis, judge of the Ionia circuit court, to require the respondent to vacate an order quashing an attachment levy. Submitted October 12, 1914. (Calendar No. 26,366.) Writ granted December 19, 1914.

*Foss O. Eldred,* for relator.

*George E. Nichols (Glenn D. Mathews,* of counsel), for respondent.

BIRD, J. The relator commenced an attachment suit against Dale A. Smith and Clarence Smith, and caused

the same to be levied upon their lands lying in the county of Ionia. The ground alleged in the affidavit for the issuance of the writ was that defendants were non-residents of the State. The defendants subsequently appeared by counsel and filed their plea to the merits, and the case was noticed for trial. After the case was at issue and ready for trial, defendants filed a motion to quash the attachment for the reasons:

(1) That more than the statutory time had intervened between the making of the affidavit and the issuance of the writ; (2) that the description of the premises in the certificate of levy and inventory was too uncertain and indefinite.

Upon a hearing of this motion, the respondent quashed the attachment levy, giving as his reason for so doing:

"That the said attachment levy in said cause is invalid, and that said plaintiff has not a good and legal cause for suing out said writ."

The order further provided that:

"It further appearing that said defendants have appeared in said cause, and the court having jurisdiction of the parties by reason thereof, therefore it is ordered that said suit stand as if personal service had been had."

It also appeared by the return of respondent that the attachment levy was quashed by reason of the defect in the affidavit pointed out by defendants in their motion. The relator asks this court for a writ of mandamus to compel the respondent to set aside the order and reinstate the attachment levy. Relator's argument impliedly admits that the objection would have been well taken if it had been raised seasonably, but he insists that after the defendants appeared, filed their plea, and the case had been noticed for trial, the defect was thereby waived. The question, therefore, presented for our consideration is whether, under

such circumstances, the defendants have waived their right to make this objection.

It is proper practice in this State to bring to the attention of the trial court by a motion to quash such defects as are apparent upon the face of an affidavit for attachment. *Roelofson* v. *Hatch,* 3 Mich. 278.

But in order to make the motion effective it must be made before the defendant enters his general appearance and pleads to the merits; if delayed until after that time, the defect will be deemed to have been waived. 1 Green's Michigan Practice, § 427; 1 Stevens' Michigan Practice, § 17; *Crane* v. *Hardy,* 1 Mich. 56; *Manhard* v. *Schott,* 37 Mich. 234; *Payment* v. *Church,* 38 Mich. 776; *Bryant* v. *Hendee,* 40 Mich. 543; *Dailey* v. *Kennedy,* 64 Mich. 208 (31 N. W. 125); *Gunn Hardware Co.* v. *Denison,* 83 Mich. 40 (46 N. W. 940); *Graham* v. *Cass Circuit Judge,* 108 Mich. 425 (66 N. W. 348).

Counsel for respondent cites the case of *Hyde* v. *Nelson,* 11 Mich. 353, in support of his contention that there was no waiver. That case is not in point; it has reference to applications for a dissolution of attachment proceedings under the statute. 3 Comp. Laws, § 10595 (5 How. Stat. [2d Ed.] § 13400). If it is desired to contest the truth of the grounds alleged in the affidavit for the issuance of the writ, resort must be had to this statute. *Bower* v. *Town,* 12 Mich. 230. And inasmuch as there are no restrictions in the foregoing statute as to when a petition for dissolution may be filed, it is held in *Hyde* v. *Nelson, supra,* that an application may be made and granted after the defendant has appeared and pleaded to the merits, and in a later case it is held that a petition to dissolve may be granted even after judgment. *Gore* v. *Ray,* 73 Mich. 385 (41 N. W. 329). But this rule does not apply where the defect in the affidavit is seasonably brought to the attention of the court by a motion

to quash, as was done in the instant case. Our conclusion is that the defendants waived their right to take advantage of the defects in the affidavit by entering a general appearance and filing their plea to the merits.

2. It is said the description of the premises in the inventory is too vague and uncertain to establish a lien upon the property. The inventory is in the following form:

"STATE OF MICHIGAN,
      "County of Ionia—ss.:
"By virtue of the annexed writ of attachment, wherein the John D. Gruber Company, a foreign corporation is plaintiff, and Dale A. Smith and Clarence R. Smith are defendants, I have this day seized certain lands, tenements, goods, chattels, moneys, and effects, of which the following is an inventory made by me, viz.:
"Inventory. All that certain piece and parcel of land known and described as follows: The south twenty-five (25) feet lot No. sixty (60) of the original plat of the village of Portland, same being the building now occupied by H. F. Caswell. Four thousand five hundred dollars ($4,500.00).
"Dated this 10th day of January, A. D. 1913.
                    "GLENN R. VAN GEISEN,
                "Deputy Sheriff of Ionia County."

The specific objection is that the county and State are omitted. If we look only to the description, there appears to be some force in the objection, but when it is read in connection with the officer's certificate which accompanied the inventory, it becomes reasonably certain that "the village of Portland" referred to is located in Ionia county and State of Michigan. It appears from the certificate that the inventory was made by a deputy sheriff of Ionia county, and that such official action took place in Ionia county and State of Michigan. This sufficiently identifies the county and State. *Russell* v. *Sweezey*, 22 Mich. 235;

*Smith* v. *Brown,* 34 Mich. 454; *Slater* v. *Breese,* 36 Mich. 77.

We are of the opinion that the order setting aside the attachment levy should be vacated, and the writ will issue as prayed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.