8 W   212
24 SC 180

## Sherban *against* The Commonwealth.

Indictments require only the same certainty as declarations. What is apparent from necessary implication need not be averred; and over nice exceptions are not to be encouraged, especially in cases which do not touch the life of the defendant.

ERROR to the quarter sessions of *Cumberland* county.

Commonwealth against Daniel Sherban. Indictment for betting on an election; in which the offence was thus laid:

"The grand inquest of the commonwealth of Pennsylvania, inquiring in and for the county of Cumberland, on their oaths and affirmations respectively, do present: That Daniel Sherban, late, &c., on the 28th of September 1838, in the county aforesaid, and within the jurisdiction of this court, did lay a wager and bet with a

[Sherban v. The Commonwealth.]

certain Jacob Clark, and that the said Daniel Sherban did then and there lay a wager and bet of fifty dollars with the said Jacob Clark, that a certain Joseph Ritner would be elected governor of the commonwealth of Pennsylvania at an election to be held in said commonwealth, under the constitution and laws of said commonwealth on the 9th day of October in the year 1838, the said Joseph Ritner then and there being a candidate nominated for public office, to wit, for the office of governor of said commonwealth, contrary to the act of assembly in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania."

The defendant demurred generally to the sufficiency of the bill. The court below overruled the demurrer and passed sentence upon the defendant.

*Watts*, for plaintiff in error. All the facts and circumstances constituting an offence must be specially set forth in the indictments. *Arch. Crim. Pl.* 15. Every fact and circumstance necessary to constitute the offence, must be laid positively; it is not sufficient that it may be understood by inference. *Ibid.* 25; 1 *Rawle* 143. The indictment in this case does not state *positively* the fact that there was an election pending; if stated in the bill at all, it is only from inference.

*Graham*, attorney-general, *contra*, contended that certainty to a common intent was sufficient.

The opinion of the Court was delivered by

Sergeant, J.—It is a general rule that, in all indictments, the charge must be positively averred; but in what cases it is or is not sufficiently averred, is not ascertained with precision, and must be left, in a great measure, to the legal discretion of the court. 2 *Hawk. P. C.* 228. Indictments require only the same certainty as declarations, namely, certainty to a common intent in general, and not certainty in every particular as is required in pleading an estoppel. *Co. Lit.* 303; 2 *Str.* 904; 1 *Chitt. Cr. Law*, 169. It is a rule that that which is apparent to the court, and appears from a necessary implication, need not be averred. 4 *Bac. Ab.* 322. It is sufficient in indictments, that the charge be stated with so much certainty that the defendant may know what he is called on to answer, and that the court may know how to render the proper judgment thereon. Over nice exceptions are not to be encouraged, especially in cases which do not touch the life of the defendant. 1 *Chitt. Crim. Law*, 170, 221; 2 *Hale* 178. The objection is, that the indictment does not aver that there was an election for governor about to be held in October 1838; but it avers that the defendant made a bet dependent on an election for governor, to be held in October 1838. We think the fair implication is, not only that such bet was made, but that the election

was to be held at that time, and. that the commonwealth would be bound in this charge to prove both these facts.

Judgment affirmed.