JOHN M. BRYANT v. FRANKLIN C. HENDEE.

*Re-reference for correction of report—Defects in attachment proceedings waived by appearance.*

A court, in furtherance of justice, may properly send back a referee's report to be completed, even if it has not been .excepted to, where all that is needed is to correct a mere inadvertent omission that can be supplied from the exhibits attached to the report.

If defendants in attachment appear and answer on the return day of the writ, the court obtains jurisdiction, and in an action of . replevin for the attached property, defects in the previous proceedings became immaterial. So *held* where the bond had only one surety.

Error to Eaton. Submitted Jan. 30. Decided April 15.

REPLEVIN. Plaintiff brings error.

*M. V. & R. A. Montgomery* for plaintiff in error.

*Philip T. Van Zile* for defendant in error.

MARSTON, J. Judgment was recovered against Bryant in justice's court in a suit commenced by attachment, in which case the bond filed had but one surety. Execution was issued upon this judgment returnable "within sixty days," and certain property levied on by virtue thereof by Hendee, who was a constable.

Bryant replevined the property in the circuit court; the case was by consent referred; the referee made a

report, which did not find the special property which defendant had in the chattels; upon a showing made, the court, against objection, referred the matter back for the purpose of having the omission supplied, and upon a farther report coming in, judgment was rendered thereon in favor of the defendant to the amount of his lien under the execution upon the property.

The objections urged in this court may be stated as follows: That the justice did not acquire jurisdiction because the attachment bond had but one surety; that the execution was made returnable within the period authorized by the statute; that the property was exempt from execution sale, and that the circuit court could not, after the referee had made his report, and no exceptions had been taken thereto, send the case back for correction by adding thereto matter inadvertently omitted.

From the report of the referee as first made, it clearly appeared that the defendant held the property by virtue of an execution issued upon a judgment rendered by a justice of the peace against the plaintiff in this case, and that on the trial before the referee this execution was offered and admitted in evidence, with the judgment, and by him returned with and as a part of his report.

The omission therefore to find specifically the amount of the lien claimed by the defendant as an officer by virtue of the execution, having been shown to be an inadvertence, and it being a matter that could be corrected from the report then made, we think the court in furtherance of justice had power to order a correction. It might admit of some doubt whether, within the case of *Smith v. Warner*, 14 Mich., 158, the order of re-reference could be sustained to the full extent thereof; but as no such objection was made, and the report was corrected in the manner indicated from the evidence previously given, we need not pass upon the question.

A brief reference to the other questions raised is all that is necessary. The justice's docket shows that "the parties appeared and answered" on the return day of

the writ. This certainly gave the court jurisdiction of the parties, and enabled him to render a valid judgment in the case. When this was done, an execution issued thereon, and a levy made thereunder, the officer would hold the property thereafter under the execution, and in an action of replevin brought for the property while so held, defects in the attachment proceedings would be immaterial. It was said, however, that the parties did not appear on the return day as set forth in the docket of the justice. This may have been so, but the referee does not so find, nor does he find that the property was exempt from levy and sale. He reports facts from which possibly he might have drawn such a conclusion, but his finding is distinctly otherwise. In the body of the execution the officer was directed—"and the same return to me within sixty days, to be rendered to the said Joseph," etc. The officer had the full sixty days in which to make return to this execution. Even could we say that he could not keep it the full period of sixty days before making return thereto, still the importance thereof would not be apparent in this case.

The judgment must be affirmed with costs.

The other Justices concurred.