## Weidenhamer *versus* Bertle.

Where on an appeal from a judgment entered by a justice of the peace it appeared from the transcript that the defendant was a non-resident of the county in which suit was brought, and that the summons was made returnable more than four days after it was issued (contrary to the Act of July 12th 1842, P. L. 345), and the transcript also failed to state the cause of action and the amount claimed, so as to show that the suit was within the jurisdiction of the justice under the Acts of 1810 (Purd. 847) and 1879 (P. L. 194); but the defendant appeared and proceeded with the trial, on its merits, both before the justice and on appeal before the court of common pleas, without raising the question of jurisdiction until upon appeal to the supreme court:

[Weidenhamer *v.* Bertle.]

*Held,* that although the transcript was defective in the particulars referred to, yet as it appeared that the trial and judgment was for a sum within the jurisdiction of the justice, the defendant below had waived his right to raise the question of jurisdiction presented thereby.

April 25th 1883.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

ERROR to the Court of Common Pleas of *Northumberland county :* Of January Term 1883, No. 101.

This was an appeal from a judgment of a justice of the peace, entered in favor of John Bertle against W. D. Weidenhamer for $274.96, in an action brought by Bertle against Weidenhamer for work and labor done.  Pleas, non-assumpsit, set-off, payment with leave, &c.

The transcript showed that the defendant was a non-resident of the county in which suit was brought, and that the summons was issued by the justice, December 6th 1880, returnable December 11th, more than four days later (contrary to the Act of July 12th 1842, P. L. 345), and it further appeared from the said transcript that the record of the justice did not show any stated demand or amount claimed, nor the nature of the action. The defendant, however, appeared and went to trial without making any objection to the jurisdiction of the justice.

On the trial, before ROCKEFELLER, P. J., the plaintiff's claim was for 751 days work, as shown by John Bertle's books of original entry, which were produced, less certain credits amounting to $880.79.  For this work the plaintiff claimed $1.50 per day, while the defendant contended that $1.00 per day had been agreed upon.  It was admitted that up to 1875 Bertle had received $1.50 a day, but the defendant alleged and submitted evidence to show that from that time on, the agreement was for $1.00 a day and house rent, and that in October 1880, the parties had a final settlement, at which it appeared that Bertle was in Weidenhamer's debt, a small amount.

Verdict for the plaintiff in the sum of $328.19, and judgment thereon.  The defendant took this writ, assigning for error, inter alia (1) and (2), the action of the court in not ruling that the justice had no jurisdiction, under the Act of July 12th 1842, and under the Acts of 1810 (5 Sm. Laws 161) and 1879 (P. L. 194).

*L. H. Kase* (with whom was *A. S. Hottenstein*), for plaintiff in error.—The justice had no jurisdiction under the Act of 1842, which provides that the summons, where the defendant resides out of the county, must be returnable not less than two or more than four days from the date of its issue.  In an action on a debt or demand a justice ought to state on his record the ground of action : Addis. 27 ; 1 Brown 208, and Ib. 220.  The

[Weidenhamer *v.* Bertle.]

·transcript in this case does not show any stated demand, nor the amount of the plaintiff's claim, and therefore it does not show that the justice had jurisdiction. Such a fault in the transcript is fatal : Camp *v.* Wood, 10 Watts 118 ; McEntire *v.* McElduff, 1 S. & R. 22 ; Murdy *v.* McCutcheon, 14 Norris 436. Want of jurisdiction may be taken advantage of at any stage of the cause : Knight *v.* Wiltberger, 4 Yeates 127 ; Collins *v.* Collins, 1 Wr. 387 ; Funk *v.* Ely, 2 P. F. S. 442 ; Peter *v.* Schlosser, 31 P. F. S. 439 ; Murdy *v.* McCutcheon, supra.

*P. L. Hackenberg & Son,* for defendant in error.—The defendant did not object to the jurisdiction of the justice, either in the trial before the justice, when he appeared and defended on the merits of the case, or before the court of common pleas, or in assigning reasons for a new trial. He therefore waived all right to make such objection before the supreme court : Lycoming Ins. Co. *v.* Storrs, 1 Out. 359 ; Stroup *v.* McClure, 4 Yeates 525 ; McDowell *v.* Simpson, 3 Watts 129 ; Malone *v.* Lindsley, 1 Phila. 288 ; Skidmore *v.* Bradford, 4 Barr 300 ; Sherer *v.* Easton Bank, 9 Casey 138 ; Bennet *v.* Bullock, 11 Casey 364 ; Roberts *v.* Railway Co. 1 Brew. 540. A prayer for instruction to the jury on any question is necessary to enable a party to take advantage on appeal, of the omission of the judge so to charge : Stewart et al. *v.* Alcorn, 2 W. N. C. 401 ; Germantown Passenger Railway Co. *v.* Walling, 1 Outerbridge 60 ; Hilling and Wife *v.* Wilson, 1 Grant 121 ; Michael Weaver's Estate 1 Casey 434 ; Wright *v.* Wood, 11 Harris 131 ; Funk *v.* Ely, 2 Smith 442 ; Building Association *v.* McCombs, 11 Norris 365 ; Cumming's Executors *v.* Meaks, 2 Pittsburg Reports 491 ; Wheeler *v.* Winn, 3 Smith 127.

·The opinion of the court was filed May 14th 1883.

Per Curiam. The first and second specifications of error complain of the court for not doing those things which it was not asked to do, and which it might well have refused on the trial of the cause if asked. It was not before the court on certiorari, but on an appeal. It is true the jurisdiction of a justice is limited to cases wherein the sum demanded does not exceed three hundred dollars, and the record should show that the justice had jurisdiction of the cause of action and of the party. The transcript shows the defendant below appeared and went to trial without objection. This was a waiver of all questions relating to the return of the summons and the time of service. It gave the justice jurisdiction of his person. The transcript further shows a trial and judgment for an amount

[Pardee *v.* Orvis.]

within the jurisdiction of the justice. The record is defective in not showing the sum demanded; but on an appeal advantage cannot be taken of that omission. On the trial in the court below the sum demanded was one within the jurisdiction of the justice. The case was tried on its merits. We see no error in the rulings of the court relating to the admission of evidence. As the justice had undoubted jurisdiction of the cause of action, all other irregularities were so waived as to condone all errors.

Judgment affirmed.