# Commonwealth of Pennsylvania *v.* Michael Lewis, Appellant. .

*Criminal law—Fraudulent removal of goods—Pleading—Act of 1885.*

The substantive offense aimed at by the Act of June 23, 1885, P. L. 136, is the fraudulent removal of a debtor's goods by placing them beyond the reach of creditors. The reference in the act to methods of removal which might more particularly affect debts of a certain status was not designed to exclude the claims of other creditors from its provisions. The act was intended to embrace all fraudulent methods of removal of property beyond the reach of creditors. The inclusion of several methods or phases of removal in one count is not forbidden by the principles of criminal pleading, although the removal might have been accomplished by one or more of these, to the exclusion of others.

Argued Jan. 17, 1898. Appeal, No. 16, Jan. T., 1898, by defendant, from judgment of Q. S. Carbon Co., April Sess., 1897, No. 12, on verdict of guilty. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Indictment sur charge of removing property out of the county with intent to prevent same from being levied on by execution, and for secreting, assigning and conveying property with intent to defraud creditors and to prevent such property from being levied upon by execution. Before CRAIG, P. J.

· The facts sufficiently appear in the opinion of the court.

Verdict of guilty and sentence thereon. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant. (2) In charging the jury as follows: "If, on the contrary, there was a removal, or a secreting with the intent to defraud Moses Miller, who was a creditor; and with the intent to prevent the same from being levied upon by any execution ; if it was done for that purpose, and you believe that beyond a reasonable doubt, then you may find this defendant guilty." (2) In the following sentence: "And now, June 21, the defendant, Michael Lewis, is sentenced to pay to the commonwealth for the use of the parties entitled thereto, the sum of $10.00 and costs of prosecution ; and further, that he undergo imprisonment in the jail of the county of Carbon for the term

of three months, to be computed from this date, and he stands committed until the sentence is complied with."

*Fred. Bertolette* and *H. Y. Kaufman,* of *Kaufman & Schrader,* for appellant.—The bill of indictment is therefore a jumble, and an indiscriminate mixing up of two separate and distinct charges, intended to be covered by the act under which the indictment is drawn. It follows that the indictment is bad for duplicity : Com. v. Symonds, 2 Mass. 163.

Nor does it fall within the ruling in Com. v. Miller, 107 Pa. 276 ; Com. v. Mentzer, 162 Pa. 646.

Again, the bill sets forth no value of the goods so removed. This is fatal. A formal defect may be amended before issue joined, and in certain cases it may be amended afterwards.

Penal statutes must be construed strictly : Warner v. Com., 1 Pa. 154.

Nor can they be extended by implication to cases not strictly within their terms : Hall v. State of Ohio, 20 Ohio, 8 ; Andrews v. U. S., 2 Story, 202.

Nor can it be made to embrace a doubtful case : Case of Pierce, 16 Maine, 255.

Nor will they be allowed to inflict penalties by implication : Com. v. Standard Oil Co., 101 Pa. 119, 144.

*Horace Heydt* and *E. O. Nothstein,* district attorney, with them *William G. Freyman,* for appellee.—It is sufficient if the indictment state the charge with so much certainty that the defendant may know what he is called upon to answer, and that the court may know how to render the proper judgment thereon ; over nice exceptions are not to be encouraged, especially in cases which do not touch the life of the defendant : Sherban v. Commonwealth, 8 Watts, 212 ; Com. v. Keenan, 67 Pa. 203 ; Com. v. Stacey, 28 Leg. Int. 20.

It was not necessary for the commonwealth to prove the five acts and the intents set forth in the indictment. If the commonwealth has proved one act with one intent that is sufficient to sustain a conviction, and the sentence of the court : Clark's Criminal Procedure, 326.

An indictment drawn in the words of an act of assembly is sufficient under the criminal procedure act of 1860 : Com. v. Havens, 6 C. C. R. 545.

OPINION BY SMITH, J., February 19, 1898:

The defendant was indicted and convicted of the offense of removing and secreting property with intent to defraud creditors. The indictment contains one count, which avers the fraudulent secreting and removing of property out of the county. The plea of not guilty was duly entered by the defendant, without any previous motion, and the case was tried on the merits. The defendant was sentenced to pay a fine of ten dollars and undergo imprisonment in the county jail for the term of three months.

The evil aimed at by the act of June 23, 1885, under which the indictment is framed, is the defrauding of creditors by placing the debtor's property beyond their reach. While the statute enumerates some of the methods by which this might be done and prohibits them under a penalty, it also contemplates all fraudulent means of secreting, removing or disposing of property, with like intent, by the words "or otherwise dispose of any . . . . property . . . . with intent to defraud any creditor."

The fraudulent removal of property to evade liability for debts is forbidden by the statute, and this is its principal subject. The purpose is to protect creditors from being fraudulently deprived of recourse to the property of debtors, and it includes all creditors who may be thus defrauded, without regard to the nature or status of their claims. The reference in the act to methods of removal which might more particularly affect debts of a certain status was not designed to exclude the claims of other creditors from its provisions. The act was intended to embrace all fraudulent methods of placing property beyond the reach of creditors. And all creditors who may thus be defrauded are included in its scope and purpose. The substantive offense is the fraudulent removal; and the inclusion of several methods or phases of the removal in one count is not forbidden by the principles of criminal pleading, although the removal might have been accomplished by one or more of these, to the exclusion of others. Conviction of a fraudulent removal by proof of one phase or method would be a bar to a subsequent prosecution for the removal of the same property through other methods, when all relate to the same transaction: Com. v. Mentzer, 162 Pa. 646.

The evidence was abundant to warrant the verdict. The testimony shows that the defendant was a partner in the clothing business at Lansford, Carbon county; that the firm was indebted to Moses Miller and others; that the defendant and his brother (an alleged creditor) removed a large quantity of goods from the store of the firm, in the nighttime after business hours; that some of the goods were afterward discovered in the defendant's house in Reading, Berks county, and were identified by the other partner. The circumstances under which the goods were removed and afterward secreted, when creditors were pressing, clearly warranted the inference of fraud; and it is difficult to reconcile them with honesty of purpose. The sentence was pursuant to the statute, but not to its maximum extent. The fine authorized by the statute is " a sum not exceeding the value of the property secreted." It is not pretended that the fine imposed exceeded or was equal to that value. From the testimony, the property would appear to have been worth about one thousand dollars. The other questions raised on the argument require no discussion by this court.

The assignment of error is overruled, and the judgment is affirmed; and it is now ordered that Michael Lewis, the defendant, be remanded to the keeper of the county jail of Carbon county there to be confined according to law for the residue of the term for which he was sentenced, and which had not expired on the 26th day of June, 1897, and that the record be remitted to the court of quarter sessions of said county with instructions to carry this order into effect.