# Appell v. Oppenheimer.

A defendant in attachment proceedings before a Magistrate, who appears and takes part in a hearing on the merits, thereby waives his right to take advantage of the plaintiff's failure to file a proper bond, or the Constable's failure to serve a copy of the inventory of the goods attached on the defendant or to state specifically in his return the manner of service of the writ, although the defendant protested against said irregularities before he testified at the hearing.

A certiorari brings up only the record, and the notes of testimony showing also the objections made by parties during the hearing before the Magistrate are not part of the record.

On certiorari the Court must be guided by the statements in the transcript rather than by the testimony attached to the return, and if the Magistrate has falsified his record, there is another method of redress.

MAGISTRATES—ATTACHMENT AGAINST NON-RESIDENT DEBTOR UNDER ACT OF MAY 8, 1874, P. L. 123—IRREGULARI-TIES—WAIVER OF BY APPEARANCE.

No. 24, December Term, 1902, C. P. of Lancaster Co.

Certiorari.

C. C. Kauffman, Esq., and M. G. Schaeffer, Esq., for Certiorari.

Walter C. Douglas, Esq., Contra.

Opinion by LANDIS, J., March 28, 1903.

## OPINION:

On November 15, 1902, proceedings were commenced by the plaintiff against the defendant, by attachment before C. H. Stover, Esq., a Justice of the Peace, for breach of contract, upon the allegation that the defendant was non-resident. James Crothers, manager of the Columbia Opera House, was served as garnishee, and certain property pertaining to the Miss New York Jr. Company was attached. The defendant then gave bond in the sum of $150, in accordance with the Act of Assembly, and the goods seized were released. A hearing was fixed for Friday, November 28, 1902, at 3 o'clock p. m., this time being named by request of counsel for the said Oppenheimer, and on that day both parties appeared in person and by counsel; a full hearing was had, and the Justice rendered judgment in favor of the plaintiff for the sum of $50.00. The present writ of certiorari

was thereupon, sued out, and it is now asserted that the proceedings before the Justice were irregular and illegal, because no bond was filed by the plaintiff before the attachment was issued and because the Constable who served the writ did not make and serve a copy of the inventory of the goods attached upon the defendant, and did not state specifically in his return the manner in which he served the said writ.

It is needless to dwell at great length in investigating the two last reasons assigned. A complete answer to them, I think, is that the defendant appeared before the Justice and took part in the hearing. This was a waiver of any defect in the service, and even though it was proceeded with against his protests, he nevertheless did participate in it and it would now be too late for that to be of any avail in his behalf. In Weidenhamer v. Bertle, 103 Pa. 448, where on an appeal from a judgment entered by a Justice of the Peace, it appeared from the transcript that the defendant was a non-resident, and that the summons was made returnable more than four days after it was issued and the transcript also failed to state the cause of action and the amount claimed, it was held that, although defective in these particulars, yet as the trial and judgment was for a sum within the jurisdiction of the Justice, and the defendant appeared and proceeded with the trial, he had waived his right to raise the question of jurisdiction presented thereby. A large number of cases of similar import might be cited upon this subject, but we deem it unnecessary to set them forth at any length. They are collated in Pepper & Lewis' Digest of Decisions, Vol. 10, pp 17232 to 17236 inclusive.

The only question then remaining is as to the alleged neglect to give bond. Section 1 of the Act of May 8, 1874, P. L. 123, provides "that it shall be the duty of any alderman or Justice of the Peace, for any claims not exceeding one hundred dollars, to issue an attachment against any defendant, on the application of the plaintiff . . . . . . upon proof by the affidavit of the plaintiff or some other person or persons to the satisfaction of the Alderman or Justice of the Peace that the defendant is a non-resident of this Commonwealth, which affidavit shall also specify

the amount of the plaintiff's claim, or the balance thereof," etc. "Provided that before such attachment shall issue the plaintiff or some one in his behalf shall execute a bond in at least double the amount of the plaintiff's claim with good and sufficient security," etc. It must be conceded that in this case the plaintiff filed no such bond. There was, therefore, no compliance with this requirement of the act. What he did do was to place in the hands of the Justice a draft for $150.00 certified by the Commonwealth Trust Company of Harrisburg, Pa., drawn by Markley & Appell and payable to bearer or order. This appears from the testimony taken upon the hearing which was returned, with the transcript, by the Justice. It also shows that counsel for the defendant, after the plaintiff's evidence had been introduced, and only then, objected to proceeding with the case, because no such bond was executed, and because the attachment was improperly served and returned, and the defendant's wife, and not he, was the owner of the Miss New York Jr. Company. The evidence, however, is no part of the record, and the record itself discloses no such facts. The transcript reads: "The same day bond filed and attachment issued," etc. In addition it also appears that notwithstanding his protest he did go on with the hearing, and testified there to his defense at length. In Quay v. Kuckmer, 2 Clark, 307, where proceedings were commenced by attachment under the Act of July 12, 1842, abolishing imprisonment for debt, no bond with good and sufficient sureties was executed previous to the issuing of the attachment; and it was held that the defendant waived the irregularity by appearing and confessing judgment. Bell, P. J., in delivering the opinion said: "The affidavit and bond prescribed by the statute are for the benefit of the defendant, and though making the one and giving the other are conditions precedent to the issuing of the writ, they may be waived by the act or agreement of the party. In this respect there is a difference between proceedings that are altogether void for want of jurisdiction, and such as are merely irregular. . . . But where the tribunal has jurisdiction of the subject matter, and the objection only arises from the form in which the proceedings are brought

Appell v. Oppenheimer.

before the Court, it may be waived by the act of the party." In Mayes v. Jacoby, 8 S. & R., 526, Mr. Justice Gibson said, "Any one may dispense with provisions that were intended to operate in his own favor," and in Weidenhamer v. Bertle, supra, the Court declared that "as the Justice had undoubted jurisdiction of the cause of action, all other irregularities were so waived as to condone all errors." In Temple v. Myers, 16 C. C. R., 232, where a non-resident was served with a long summons instead of a short one, but he appeared and made his defense before the Justice, it was held that the irregularity was presumed to be waived; and in Bryant v. Hendee, 40 Mich., 543, Where an attachment was issued by a Justice upon a bond filed with but one surety, which was insufficient under the statute of Michigan, it was decided that as the defendants appeared and answered on the return day of the writ, the Court thereby obtained jurisdiction, and the defects in the previous proceedings became immaterial. The case of Downward v. Jordan, 7 Dist. Rep., 273, has been cited as inconsistent with this position. I do not think that it necessarily follows that that case is altogether at variance with the seemingly prevailing view. The fact that the learned Judge in closing his opinion says: "However the parties appeared and had a hearing, hence the judgment is good and is confirmed," would indicate that he concurred in the general doctrine. It is true that he quashed the attachment, and in doing this I fail to see how the other proceedings could be sustained even in part, if the attachment was bad. I, however, prefer to adhere to the whole length of the rule, and where the proceedings would have been sustainable, if all matters of form had been strictly followed, it appears to me that, even if there be defects the judgment in attachment is good where the parties elect to submit to the jurisdiction and try the case upon its merits. Of course, as has been before stated, the transcript shows that a bond was given, and I must be guided by it rather than by the testimony attached to the return, and if the magistrate has falsified his record there is another method of redress, but from either point of view the proceedings seem to me to be

unassailable.   Therefore, upon the whole showing I think that these exceptions cannot be sustained.

Exceptions overruled and proceedings of Justice confirmed.

From the Lancaster Review.