## Gibson, Appellant, *v.* Haworth.

*Justice of the peace—Appeals—Service—Waiver of defects.*

1. By taking an appeal and entering the same in the common pleas, the defendant in a judgment of a justice of the peace, appears in propria persona and waives all defects of service and comes into the common pleas by his own voluntary act.

2. Where the defendant in a judgment of a justice of the peace takes an appeal, and the plaintiff in the action files a declaration in the common pleas showing a good cause of action, the defendant cannot thereafter claim to have the appeal dismissed because the justice's record did not show the nature, character and amount of the plaintiff's claim, so that it would affirmatively appear that the justice had jurisdiction of the cause of action; nor can he claim that the suit should be dismissed because it was commenced by a long summons against the defendant who was a nonresident.

Argued May 9, 1911. Appeal, No. 157, April T., 1911, by plaintiff, from order of C. P. Butler Co., March T., 1910, No. 2, dismissing appeal from justice of the peace in case of M. L. Gibson v. G. C. Haworth. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Appeal from judgment of justice of the peace. Before GALBREATH, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was order dismissing the appeal.

*W. H. Martin,* for appellants.—All defects were waived by the taking of the appeal: Connor v. Lyon, 13 Pa. Superior Ct. 502; Seidel v. Hurley, 1 Woodward 352; Jones v. Canal Co., 3 Luzerne Legal Register, 43; Weidenhamer v. Bertle, 103 Pa. 448; Swain v. Brady, 19 Pa. Superior Ct. 459; Gingrich v. Sheaffer, 16 Pa. Superior Ct. 299.

*R. P. Scott,* for appellee.—Courts of limited jurisdiction must not only act within the scope of their authority, but it must appear on the face of their proceedings that they did so, and if it does not so appear, all their proceedings are coram non judice: Jones v. Jones, 12 Pa. 350; Murdy v. McCutcheon, 95 Pa. 435; McCale v. Kulp, 8 Phila. 636.

Where after appeal to the common pleas from the judgment of a justice of the peace it appears at any stage that the justice had not jurisdiction of the action, the common pleas have no jurisdiction on the appeal and the court on motion would dismiss the action: Collins v. Collins, 37 Pa. 387; Bower v. McCormick, 73 Pa. 427; Moreland Township v. Gordner, 109 Pa. 116; Deihm v. Snell, 119 Pa. 316; Gingrich v. Sheaffer, 16 Pa. Superior Ct. 299.

OPINION BY MORRISON, J., July 13, 1911:

On August 28, 1909, the plaintiff, a livery stable keeper, brought a suit before a justice of the peace to recover from

the defendant the sum of $27.00 alleged to be due the plaintiff for livery hire. A judgment was rendered in favor of the plaintiff for the amount of his claim. On September 7, 1909, the defendant appeared before the justice and entered bail and took an appeal to the common pleas of Butler county, which appeal was filed in said court by defendant's attorney on December 6, 1909. On January 14, 1910, the plaintiff filed his statement of claim or declaration which was a concise statement of the amount due him from the defendant for livery hire from August 8, 1906, to October 13, 1907. The amount of the claim was $27.00. The plaintiff's declaration, with the bill of items attached and made a part thereof, very clearly showed a cause of action of which a justice of the peace had jurisdiction. On the same day the plaintiff filed his declaration he caused a rule to be issued upon the defendant to file an affidavit of defense, etc. On January 28, 1910, counsel for defendant filed a plea in abatement asking that the proceedings be dismissed on account of certain irregularities existing in the proceedings before the justice. On January 16, 1911, the court filed an opinion sustaining the plea in abatement and dismissing the case and granted a bill of exceptions for the plaintiff. Thereupon the latter appealed to this court.

The said plea in abatement gave three reasons why the defendant's counsel asked that the case be dismissed. The first, in substance, was that the justice's record does not show the nature, character or amount of the plaintiff's demand which must appear affirmatively on the face of the record under the provisions of the Act of March 20, 1810, 5 Sm. L. 161, and the Act of July 7, 1879, P. L. 194.

The second and third reasons raise questions as to the legality of the summons and the service thereof. As to these the learned court very properly held that by taking an appeal and entering the same in the common pleas the defendant in effect appeared in propria persona and waived all defects of service and came into the common

pleas by his own voluntary act. This is unquestionably the law. In Connor v. Lyon, 13 Pa. Superior Ct. 502, we held: "The entry of the appeal from the judgment of the justice was equivalent to an appearance in propria persona." See also Weidenhamer v. Bertle, 103 Pa. 448.

In dismissing the case the court below rested its decision on the fact that the justice's record did not show the nature, character and amount of the plaintiff's claim so that it would affirmatively appear that the justice had jurisdiction of the cause of action. If the case had been before the court on certiorari, this would have been a fatal defect in the record, and together with the fact that the suit was commenced by a long summons against the defendant who was a nonresident of Butler county, and who did not appear before the justice, would have warranted the court in reversing the judgment. But we have already seen that the case was brought into the common pleas by appeal on the part of the defendant, and at the time he interposed his plea in abatement, the plaintiff's declaration showing a cause of action of which the justice did have jurisdiction had been on file in the common pleas for about two weeks, and, therefore, the defendant was not warranted in raising the question that the cause of action was not within the jurisdiction of the justice. If the defendant desired to defend against the plaintiff's livery bill on technicalities, he ought to have taken a certiorari instead of an appeal.

In our opinion, the court committed reversible error in dismissing the case when the record affirmatively showed a cause of action of which the justice unquestionably had jurisdiction. We think the case of Weidenhamer v. Bertle, 103 Pa. 448, already cited, fully sustains us in holding that the court erred in dismissing the case. That was an appeal from the judgment of a justice of the peace and the Supreme Court said: "The transcript further shows a trial and judgment for an amount within the jurisdiction of the justice. The record is defective in not showing the sum demanded; but on an appeal ad-

vantage cannot be taken of that omission. On the trial in the court below the sum demanded was one within the jurisdiction of the justice."

In the present case the jurisdiction of the justice affirmatively appeared upon the face of the record in the common pleas at the time the plea in abatement was filed and the same heard and sustained by the court. Upon this question we refer to the Act of March 20, 1810, sec. 4, 5 Sm. L. 161: "Provided, That upon any such appeal from the decision, determination or order of (two) justices, of the peace to the court of common pleas or court of quarter sessions in any county, the cause shall be decided in such court, on its facts and merits only; and no deficiency of form or substance, in the record or proceedings returned, nor any mistake in the form or name of the action shall prejudice either party in the court to which the appeal shall be made." It has been decided that the word "two" before "justices" in that act was inserted therein by mistake. The act applies to all appeals from a single justice: Swain v. Brady, 19 Pa. Superior Ct. 459. To us the legislative intent expressed by said act appears clear that appeals from justices of the peace are to be tried on their merits and the parties are not to be put out of court on technicalities which do not go to the jurisdiction of the justice.

The present case is a very simple one. The cause of action was within the jurisdiction of the justice but owing to the error of that officer, or of the plaintiff, or both of them, the cause of action was not sufficiently set out on the justice's record. But when the defendant waived irregularities and appealed to the common pleas and thereby appeared in that court in effect saying to the plaintiff—I will meet you and try the case on its merits—the plaintiff promptly responded by filing a concise declaration which clearly showed an action of assumpsit for the recovery of livery hire from the defendant to the amount of $27.00. The proper course for the defendant then was, if he had a defense, to file an affidavit in response to the

plaintiff's rule upon him. And if he had no just and legal defense he should have allowed judgment to go against him instead of engaging in this fruitless litigation.

We are of the opinion that the learned court below erred ·in dismissing the case. The judgment is reversed, at the costs of the defendant, the case is reinstated with instructions to the court below to require the defendant to file an affidavit of defense, and if it shall become necessary, to cause the case to be put at issue and tried upon its merits.

Record remanded with procedendo.