## Commonwealth of Pennsylvania v. Morris, Appellant.

Argued March 3, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, BALDRIGE and GRAFF, JJ.

*J. M. Kelly,* and with him *G. J. Clark,* for appellant.—The evils aimed at by the Acts of 1885 and 1903 are the defrauding of creditors by placing the debtor's property beyond their reach: Dixon v. Sewing Machine Co., 128 Pa. 397; Com. v. Lewis, 6 Pa. Superior Ct. 610.

*Edward P. Little,* District Attorney, and with him *T. A. Doherty,* for appellee.

OPINION BY GAWTHROP, J., April 22, 1930:

Defendant appeals from a conviction on an indictment containing one count which avers that he "unlawfully, fraudulently and wilfully did remove three carloads of ties and a quantity of mine props, altogether of the value of three hundred ($300) dollars of goods and chattels, moneys and property of G. M. Darrow, out of the County of Susquehanna, with the intent then and there to prevent the property aforesaid from being sold by virtue of an execution at the suit of W. A. Harrington v. George E. Morris, after levy had been made thereon, he, the said George

E. Morris then and there well knowing the goods to have been levied upon by G. M. Darrow, high sheriff of Susquehanna County, contrary to the form,'' etc. Before plea entered defendant moved to quash the indictment. One of the reasons assigned was that the indictment failed to charge any criminal offense. The motion to quash was overruled, an exception noted and a bill sealed for defendant. The question of the sufficiency of the indictment is now regularly before us upon an exception taken to the refusal of a motion in arrest of judgment.

It is conceded that the indictment was drawn under the first clause of the Act of April 22, 1903, P. L. 242, which provides that ''any person who shall remove any of his or her property, or the property of any other person or persons, out of any county, with intent to prevent the same from being levied upon by virtue of any execution, or to prevent the said property from being sold by virtue of any said execution after levy has been made thereon ...... shall be guilty of a misdemeanor.'' Manifestly, the evil aimed at by this act is substantially the same as that aimed at by the Act of June 23, 1885, P. L. 136, which it amends. This court held in Com. v. Lewis, 6 Pa. Superior Ct. 610, that the evil aimed at by the Act of 1885 was the defrauding of creditors by placing the debtor's property beyond their reach; that the purpose of the act was to protect creditors from being fraudulently deprived of recourse to the property of their debtors; and that the substantive offense is the fraudulent removal of the property of a debtor.

In our view the only property which is made the subject of a fraudulent removal under the Act of 1903 is that belonging to a debtor, that is, property liable to be levied upon by a creditor, or already so levied upon. Such ownership being an essential element of the acts prohibited by the statute, the irresistible conclusion is that an indictment drawn under

the statute, which fails to aver it, is fatally defective and charges no offense. The effect of the amendment of 1903 was to make it unlawful for any person other than the execution debtor to remove the latter's property. The indictment under consideration charges defendant with removing the property of G. M. Darrow, the sheriff of the county, after levy had been made upon it, with intent "to prevent the property aforesaid from being sold" under an execution at the suit of one Harrington against defendant. As defendant was the debtor there should have been an averment of the removal of his property. Failure to aver it was a fatal defect in the indictment. The defect is not unlike that which would exist if an indictment charged the defendant with feloniously taking and carrying away his own goods. This would not be a good indictment for larceny because of the failure to charge that the goods belonged to a person other than the defendant. The court below should have quashed the indictment upon the hearing of the motion to that effect, and it will be its duty to quash it now. It is impossible for us to sustain a conviction founded upon it.

The judgment is reversed, and the record remanded for further proceedings.

TREXLER, P. J., and BALDRIGE, J., dissent.

———

DISSENTING OPINION BY TREXLER, P. J., April 22, 1930:

The defendant could easily and accurately ascertain by reading the indictment what charge he had to answer. More than this is not required: Com. v. B. & O. R. R. Co., 35 Pa. Superior Ct. 474. He was accused of taking out of the county the property of G. M. Darrow with intent to prevent its being sold by virtue of an execution at the suit of Harrington

v. Geo. E. Morris after levy had been made thereon, he knowing that the property had been levied on by G. M. Darrow, sheriff. It is evident that the statement that the property was that of Darrow referred to such qualified ownership as he had as sheriff. See Weidensaul v. Reynolds, 49 Pa. 73. Defendant, however, was informed that the property was alleged to be his own property levied on by virtue of a judgment which Harrington had against him.

The allegation that Darrow was the owner was mere surplusage. "The substantial offense is the fraudulent removal": Com. v. Lewis, 6 Pa. Superior Ct. 610. The act is broad enough to cover all cases where property under levy is removed to prevent its sale, it matters not who was the owner thereof. Certainly a debtor's property is meant, for of necessity, if there be an execution, there must be a debtor, but who the debtor is, is of no moment. The essential thing is that the property is in the custody of the sheriff. Any person who removes his property or the property of any other person in the manner and with the intent set out in the act falls within its provisions. I would affirm the judgment.

BALDRIGE, J., joins in this dissent.