## Commonwealth v. Kline

*Charles W. Eaby*, district attorney, for Commonwealth.
*Marshall M. Cohen*, for defendant.

SCHAEFFER, J., October 28, 1938.—This is a rule on a motion to quash the information or complaint in this case on the ground that it fails to set forth with particularity the specific offense with which defendant is charged. Complaint was made against defendant for reckless driving. Defendant waived a hearing before the alderman and gave bail for trial before the court of quarter sessions.

The complaint in question alleges that defendant "David Kline, 208 Chester Street, Lancaster, Pa., on July 10, 1938, at the corner of Lime and Howard Avenue in the City of Lancaster and State of Pennsylvania, about 10:40 A. M. did operate a Chevrolet sedan bearing 1938 Penna. registration ZK880 carelessly and wilfully or wantonly disregarding the rights or safety of others, or in a manner so as to endanger person or property." The complaint follows verbatim section 1001(a) of The Vehicle Code of May 1, 1929, P. L. 905, in force at the time of the alleged offense. Objection is taken by defendant to the following reference in the complaint: "Sec. 1001-A Penna V. C. 1935." In the return to the court or transcript appears the following: " 'Reckless Driving' Section 1001—sub-section 'A' of the Act #403 of May 1, 1929, as amended." Evidently the reference to The Vehicle Code in the complaint relates to the printed pamphlet issued by the Bureau of Motor Vehicles in 1935 containing the act referred to.

In the instant case, defendant proceeded by appeal after waiving a hearing instead of by a certiorari. In Commonwealth v. Hunter, 107 Pa. Superior Ct. 513 (1933), involving a violation of The Vehicle Code, the

defendant appealed after a preliminary hearing. At page 515 of the opinion, Trexler, P. J., said:

". . . 'the defendant having proceeded by appeal must be presumed to have waived all mere technical errors in the proceedings of the justice, which did not go to the jurisdiction of that officer': Steward v. Renner, 87 Pa. Superior Ct. 411; Swain v. Brady, 19 Pa. Superior Ct. 459; Gibson v. Haworth, 47 Pa. Superior Ct. 618; Com. v. Hooper, 55 Pa. Superior Ct. 518, 520. . . . The real question before us is whether, upon an appeal taken, the mere absence of any reference in the transcript to the filing of the information required by the section above referred to, is such an irregularity as requires us to reverse the lower court. As already stated, we are of the opinion that the matter should have been raised by certiorari to the common pleas."

In an earlier decision of the Superior Court, Commonwealth v. Moller, 50 Pa. Superior Ct. 366 (1912), cited by defendant, an appeal was taken instead of a certiorari. The information charged defendant with the reckless operation of a motor vehicle in a borough "at a greater rate of speed than one mile in five minutes." The court held that the information "charges no specific violation of any provision of the Act of 1909", and at page 371 said:

"Pursuing the record of the magistrate one step further, we observe that he does not convict the defendant of the offense charged in the information. . . . Nor does he find him guilty of doing any specific act or thing set forth in the record. He simply convicts him of violating an act of assembly which described many different offenses followed by as many different penalties. It appears to us therefore that the information which is the foundation of the whole proceeding charges no offense and that the record of the magistrate shows no conviction of any offense. Upon a writ of certiorari that judgment should have been reversed."

In both of these decisions by the Superior Court, a preliminary hearing was held, thus distinguishing them from the case at bar. In Commonwealth v. Myers, 22 D. & C. 586, Judge Hargest of Dauphin County decided that under The Vehicle Code there are two methods for bringing the record of a magistrate before the court of quarter sessions: (1) By an appeal after hearing and judgment in which proceeding the case must be heard de novo on the merits and the preliminary proceedings cannot be attacked; and (2) by return of the information and record to the court where the defendant waived a hearing and gave bond for trial before the court of quarter sessions, which proceeding removes the whole case to the court and enables the defendant there to question the legality of the proceedings. A similar position was taken by Judge Sheely of Adams County in Commonwealth v. Bennett, 32 D. & C. 542 (1938). This court decided in Commonwealth v. Killian, 44 Lanc. L. R. 523, in a prosecution for violating The Vehicle Code, where the defendant waived a summary hearing and gave bond to appear in court that he does not waive his right to question the regularity of the proceedings. See also Commonwealth v. Harned, 25 D. & C. 578.

The alderman followed verbatim section 1001(a) of The Vehicle Code. The legislature in that section provided that reckless driving is unlawful and construed it to include: (a) The quoted section in controversy; (b) an accident occurring while the front seat of the motor vehicle is occupied by more than three persons, with exceptions; and (c) a test, race, or speed contest with a motor vehicle on any highway. It is evident that the legislature divided reckless driving into three general classes. Defendant is charged with the violation of class (a) which describes three phases of an offense rather than three separate and distinct offenses. In Commonwealth v. Lewis, 6 Pa. Superior Ct. 610, it was decided that the inclusion of several phases of an offense in one

count is not forbidden by the principles of criminal pleading.

It is not necessary that an information should charge the crime with the same detail and technical accuracy as is required in an indictment: Sadler on Criminal Procedure, sec. 75; Commonwealth v. Terry et al., 40 Lanc. L. R. 447; Commonwealth v. Burkhart, 37 Lanc. L. R. 90. An indictment is sufficient which charges the crime substantially in the language of the act of assembly prohibiting that crime: Act of March 31, 1860, P. L. 427, sec. 11; Commonwealth v. Campbell, 116 Pa. Superior Ct. 180. An indictment for involuntary manslaughter generally sets forth that the defendant did unlawfully kill and slay a certain person. It need not set forth the two classes of involuntary manslaughter resulting: (1) From the doing of an unlawful act; or (2) from the doing of a lawful act in an unlawful manner with some element of rash or reckless conduct. If an indictment is not defective because it follows the language of the act of assembly, the same principle is applicable to an information or complaint.

In Commonwealth v. Douglas, 31 D. & C. 234 (1938), the complaint followed the language of the act of assembly and was similar to the complaint in the instant case. It involved reckless driving under the same section of The Vehicle Code. The court said:

"An analysis of this section discloses that while only one offense is defined it consists of several parts, each one of which is a separate and distinct offense. One consists of driving 'any vehicle upon a highway carelessly and wilfully.' . . . Another violation designated by the statute cited above consists of 'wantonly disregarding the rights or safety of others.' . . . Again it is declared to be an offense to drive any vehicle 'in a manner so as to endanger any person or property.'

"We have here at least three defined offenses, any one of which is 'reckless driving.' There is nothing in the information to specify the particular act or acts committed

by defendant and which are classified as offenses. . . . A defendant has the right to know, by the charge laid against him, in what respect he has transgressed the law." In Commonwealth v. Bennett, supra, it is said:

"The statute referred to is section 1003 of The Vehicle Code. The information properly alleges the time and place of the alleged offense and that the violation occurred while defendant was operating a Ford truck bearing Pennsylvania registration no. T375E. The question presented is whether an information is sufficient which alleges that defendant violated a certain recited statute without specifying the acts of defendant which are alleged to be in violation of the statute. . . . Defendant is not charged with having done any acts, the doing of which would constitute an offense. Instead, he is charged with having violated a statute, and we are asked to conclude therefrom that he did the acts necessary to constitute a violation of that statute. The information contains a conclusion of law rather than an allegation of fact, and a conclusion of law is not proper in an information: Sadler on Criminal Procedure (1st ed.) sec. 211." The court held that the information was insufficient. Accord: Commonwealth v. Davis, 17 Wash. Co. 63.

In Commonwealth v. Stiver, 32 D. & C. 319 (1938), Judge Walker of Centre County took an opposite position and decided that an information alleging that at a specified time and place defendant unlawfully operated a certain motor vehicle in violation of section 1001 (a) of The Vehicle Code, quoting the language of the act of assembly, is sufficient to give the defendant fair notice of the nature of the offense alleged to have been committed. He said at page 321:

"Indictments have been sustained where the charge has been set forth substantially in the language of the act of assembly prohibiting the crime. Surely, no stricter rule shall apply to an information than is applicable to an indictment. In fact, the rule with reference to information is not as strict as that of an indictment." In Com-

monwealth v. Huth, 28 D. & C. 407 (1936), Judge Long of Jefferson County, following two decisions of this court, Commonwealth v. Rutter, 33 Lanc. L. R. 226, Landis, P. J., and Commonwealth v. Gemmil, 28 Lanc. L. R. 121, Hassler, J., decided that an information charging defendant with operating a motor vehicle in violation of The Vehicle Code by referring to the act of assembly and its provisions is sufficient even though not as specific as desirable.

It is apparent that the decisions of the lower court are conflicting with reference to the question at issue. This court is inclined to follow the view that an information is sufficient if it follows the language of the act of assembly because: (1) What is sufficient to be alleged in an indictment should apply likewise to an information or complaint; (2) it will prevent confusion and uncertainty on the part of a magistrate in framing his complaint; (3) it seems more conducive to a decision of the case on its merits rather than on technicalities; and (4) it has been the policy of this court for many years to uphold the sufficiency of such complaints.

While it is better pleading to refer to the specific act or acts of recklessness in the complaint in connection with the section of The Vehicle Code alleged to have been violated, nevertheless, failure to do so does not invalidate the proceedings. If the language of the section in question is too broad or uncertain the defect in that respect, if any, lies with the legislature and not with the alderman in following the language of the act of assembly. In Commonwealth v. Clime, 34 Lanc. L. R. 85, Judge Landis decided that this particular section of The Vehicle Code was constitutional and was not ambiguous. He said:

"That is certain which can be rendered certain, and the magistrate or the judge before whom the charge is heard can determine from the facts presented whether the vehicle is operated recklessly or at a rate of speed greater than is reasonable and proper under the surrounding circumstances."

And now, October 28, 1938, for the reasons herein stated, the court discharges the rule to quash the information or complaint in the above case.